## WARD v. ROSS.

1. The affidavit of a party, that a paper constituting a link in his chain of title, had been deposited by him with the clerk of the County Court to be registered, that the clerk had since informed him that it was not in his office, and that he, the party, had made diligent search for, and could not find it, and believed it to be lost or mislaid, is sufficient to let in secondary evidence.

2. The certificate of a notary public under his notarial seal of the proof, or acknowledgement made before him, of the signing and sealing of a power of attorney, authorizing the conveyance of land, is a sufficient authentication of it, it is not necessary that the certificate should state that there was proof of its delivery.

TRESPASS by Ross against Ward, in the Circuit Court of Mobile, for the recovery of possession of a lot of

land. General issue, verdict and judgement for the plaintiff.

JANUARY 1827.

Ward
v.
Ross

On the trial the plaintiff gave in evidence a copy, certified by the clerk of the County Court of Mobile, of a power of attorney from Jotham Meeker, of New Jersey, to William Crawford, authorizing him to sell and make conveyance for the lot. The power of attorney appeared to be certified by a notary public, of the State of New Jersey, under his notarial seal ; the certificate stating that the letter of attorney " was duly signed and sealed" by Meeker, in the presence of the notary, and of another subscribing witness, but did not state that it was delivered.

To authorize the introduction of this copy as evidence, the plaintiff made affidavit that he had deposited the original with the clerk of the County Court, for the purpose of being registered, and had since applied to him at his office for it, and was informed by him that it was not in the office, nor in his possession ; that plaintiff recollects, though not positively, that it was in his possession since he delivered it to the clerk, and that he has made diligent search for, and has been unable to find it, and believes it to be lost or so mislaid, that he cannot make use of it on the trial of this cause The defendant objected to the admission of this testimony, the objection was overruled, and he assigned this matter as error.

ACRE, for plaintiff.

HITCHCOCK, for defendant in error.

JUDGE CRENSHAW delivered the opinion of the Court.

THE power of attorney was a link in the chain of Ross' title, and such an instrument as ought to be in his custody. According to a decision made at the present term, " evidence aliunde was not necessary to trace it to his possession ; his affidavit states positively that it was once in his possession, and that after making diligent search, he believes it to be lost or mislaid. This was a sufficient shewing, according to the practice under the common law, and according to the provision of the statute, to admit the copy in evidence.

Bass v. Brooks,
ante 44.

The certificate of a notary public, under his hand and seal, is evidence of his official acts. By statute, such certificate authenticating the proof, or acknowledgement

18

JANUARY 1826.

Ward
v.
Ross.

of a deed made in another state, is evidence of its execution. It is objected that the notary certifies only as to the signing and sealing, and not as to the delivery of the power of attorney. It is well settled in the books, that where the deed on its face purports to have been delivered, and is in possession of the party, claiming under it, proof of signing and sealing is sufficient prima facie evidence of its delivery and entire execution. Here the power of attorney on its face, purports to have been delivered, as well as signed and sealed. Let the judgement be affirmed.