McMORRIS v. CRAWFORD ET AL.

1. Where the specific execution of a contract would be decreed, between the original parties to it, it will also be decreed between the parties claiming under them by assignment, or in privity of estate, unless some new equity intervenes, which is insisted on in bar of the specific execution.

2. Where a deed is found in the hands of the grantee, and the possession of the lands conveyed by it, is quietly enjoyed by him, and those claiming under him, for more than twelve years, the presumption of law is, that there was a due delivery of the deed.

Error to the Chancery Court of Autauga county. Before the Hon. J. W. Lesesne, Chancellor.

BILL filed by the plaintiff in error. See the facts fully recited in the opinion of the court.

J. W. PRYOR, for plaintiff in error.

J. E. BELSER, contra.
1. The offer to rescind is too late, the presumptions are against the vendee. Steele v. Kinkle, 3 Ala. 352; Newell v. Turner, 9 Porter, 420; Saddler v. Robison, 2 Stew. 520.

2. John Bradford had a resulting trust in the tract of land, entered in the name of James Bradford; consequently it is not affected by the judgments, against James Bradford, as charged by complainant. Larkin v. Rhodes, 5 Porter, 195; Jack v. Leggett, 7 Wend. 377.

3. The answer denies all the equity of the bill, and particularly the tender of the balance of the purchase money, and there is no proof of this fact produced by complainant. Hunter v. O'Niel, 12 Ala. 37; Reid v. Davis, 4 Ib. 83; Fitzpatrick v. Featherston, 3 Ib. 40; Duncan v. Jeter, 5 Ib. 604.

4. If the vendee did tender the purchase money, and the fact is proved, he should also have tendered a deed, at the same time, before he could ask for a rescission. Wade v. Killough, 5 Stew. & Por. 450; Williams v. Harper, 1 Ala. 502.

5. If the vendor has the title before the purchase money is paid, it is sufficient. Clements v. Loggins, 2 Ala. 514; Harris v. Carter, 3 Stew. 233; Evans v. Bolling, 5 Ala. 551.

6. The deeds being in possession of defendants, this is *prima facie* evidence that they were delivered, and no registration is necessary in such a case. Green v. Yarnell, 6 Mass. 326; Dunn v. Sames, 1 McLean, 321; Hatch v. Haskins, 5 Shep. 391; Lany v· Williams, 1 Shep. 281; Roe v. Neal, 1 Dudley, (Geo.) 168; Doe & Reid, 2 Scam. 371; Mallory v. Stodder, 6 Ala. 801.

DARGAN, J.—In 1836, James Tabor sold to the complainant, a tract of land, consisting of several half quarter sections, and gave bond to make title, when the purchase money should be paid. The complainant gave his note for the purchase money, payable in January, 1839, and took possession, which he has quietly enjoyed ever since. In 1837, Tabor assigned the note to John McNeil, and being about to leave the state, executed a deed in favor of the complainant, to be delivered to him, on the payment of the purchase money.

The complainant paid a portion of the purchase money to McNeil, and being sued by his executors for the residue, filed his bill to enjoin the suit, seeking to rescind the contract, on the ground that Tabor had no title to a considerable portion of the land, and that he had departed this life, insolvent, but offers to pay the purchase money, if the defendant can give a good title.

The answer accepts the offer, and also insists that Tabor had a good title, and makes an exhibit of the deed. From the proof, it is very clear, that Tabor had a legal title to a portion of the land, and the equitable title to the residue. The defendants have procured the legal title to that portion to which Tabor had but an equitable title, and offer to convey to him, and also to deliver the deed signed by Tabor, on the payment of the purchase money.

The rule is, that where the specific execution of a contract would be decreed, between the original parties to·it, that it will also be decreed between all parties claiming under them by assignment, or in privity of estate, unless some new equi-

ty in favor of the assignee intervene, and he insists on such equity, in bar of the specific execution of the contract. 2 Story's Eq. 96; 6 John. Ch. Rep. 398; 2 Dick. R. 730.

McNeil being the assignee of the note, and holding the deed signed by Tabor, to be delivered on the payment of the purchase money, could, as the assignee of Tabor, insist on a specific execution of the contract. He was the assignee of the purchase money, with power to deliver the deed, that would pass the legal title. Being the assignee, he can beyond doubt resist the rescission of the contract, and if he can give the complainant a good title, which is all he contracted for, and all to which he is entitled, there can be no reason why the contract should be rescinded, or the complainant relieved from the payment of the purchase money.

It is insisted however, that there is a defect of title in this, that there is not evidence of the delivery of the deeds that constitute the title of Tabor. The deeds are found in the possession of those who claim an interest under them, and who are entitled to their possession. The possession of the land to which the deeds apply, has been held quietly, in accordance with the contract, and the deeds, for more than twelve years. These circumstances are sufficient to authorize the presumption, that the deeds were properly delivered. Flagg v. Mann, 2 Sum. 481.

Inasmuch as the respondents are able to give the complainant a good title, and have been in no default, there is no error in the decree dismissing the bill, and consequently it is affirmed.