# Pettus v. McKinney.

*Petition by Widow for Allotment of Homestead.*

| 56 | 41 |
|----|----|
| 112 | 473 |
| 56 | 41 |
| 120 | 256 |
| 120 | 257 |
| 120 | 258 |

1.   *Vendor's lien, who cannot assert; homestead exemption in favor of widow.*—When the vendor has obtained a decree in chancery, subjecting the lands to sale for the payment of the purchase-money; and the purchaser pays the de-cree with money borrowed from a third person, giving his note, with a mort-gage on the land and other property, to secure the repayment of the money so borrowed; the mortgagee, not having taken an assignment of the decree, can-not claim to be subrogated to the vendor's rights against the land, but must rely on his mortgage; and if the constitution of 1868 was of force when the mortgage was given, and the mortgagor's wife did not join in its execution, she is entitled, on the death of her husband, to a homestead exemption in the lands, as against the mortgagee or his assignee.

2.   *Allotment of homestead to decedent's widow; jurisdiction of court.*—Under the act approved February 8, 1872, "to exempt from administration property of decedents," &c., the Probate Court could allot a homestead to the widow, only as an incident to a pending administration on the husband's estate; and that jurisdiction is taken away by the act approved April 23, 1873 (Sess. Acts 1872-3, p. 64), which repealed the former act.

3.   *When appeal lies.*—A decree of the Probate Court, allotting a homestead to a widow, under the provisions of the act approved April 23, 1873, being coram non judice and void, will not support an appeal.

APPEAL from the Probate Court of Limestone.

[Pettus v. McKinney.]

MCCLELLAN & MCCLELLAN, for appellant.

WM. H. WALKER, *contra*.

MANNING, J.—In August, 1874, appellee, Sarah McKinney, filed her petition in the Probate Court of Limestone county, praying for the allotment of a homestead to her, out of the land of the estate of her late husband, James H. McKinney, deceased. The property out of which she claimed this homestead was a tract of over four hundred acres, in that county, which he had bought in 1861; but all the purchase-money not having been paid by him, his vendor, in 1867, obtained a decree of the Chancery Court, ordering, if the residue of the price was not paid, a sale of the land, or so much as might be necessary for the discharge of it. It was advertised that such sale would be made in December, 1868; to prevent which, McKinney borrowed money to satisfy the decree, from one A. C. Legg; and on the 7th of that month, to secure the repayment of this money at a future day, executed a trust deed of the land, and some personal property, to a trustee. Legg transferred McKinney's note for the borrowed money secured by this trust deed, to H. L. Cartwright; and upon his death, in 1871, the note and trust deed passed to his administrator, Pettus, the appellant in this cause. On the 6th of January, 1873, the land was sold under the trust deed, and was purchased by one Thomas Cartwright, who soon after conveyed it to appellant; and on the 18th of the same month (January, 1873), McKinney died, leaving a widow, appellee, and a minor son, surviving him. Upon the land was the homestead of McKinney; and his wife, the appellee, not having signed the trust deed, in August, 1874, filed the petition before mentioned to have the homestead set apart to her. Administration of McKinney's estate had not then been granted to any person. There are other facts in the case, which we need not here refer to. The Probate Court made a decree in favor of the petitioner, allowing the homestead to her; from which decree this appeal was taken, and it is here assigned as error.

1. Legg, the lender of the money, not having taken an assignment or transfer to him of the decree in chancery subjecting the land, under the original vendor's lien, to sale for the payment of the purchase-money, and having accepted as security the trust deed of the land and personal property, his transferree of the note is not entitled to the benefit of the vendor's lien of the date of 1861, and the decree establishing it. His security, that of the trust deed, dates from the 7th of December, 1868; and the debt it secures was only

then created.  Prior to that time, the constitution of 1868 had been put in force.  It provides, that the homestead of a married man resident in this State, not exceeding eighty acres, or in value $2,000, should not be mortgaged or alienated, except by an instrument signed and assented to by his wife.  And this court has decided, that any such instrument, not signed by her, though valid as to the rest of the property embraced in it, to convey the husband's interest therein, is wholly void in respect to the homestead property.—*Miller v. Marx*, at this term ; *McGuire v. Van Pelt*, at this term.  It follows, that the purchaser of the land, at the sale under the trust deed, did not obtain any title to the homestead of McKinney.

2.  But there is no act of the legislature, or law of the land, which confers on the Probate Court jurisdiction of a case like the present.  Administration of the estate of McKinney had not been granted by it to any one, when this petition was filed ; and it would have been only as incident to such an administration, or because of it, that under the act "to exempt from administration property of decedents, and vest titles in the widow or child, or children," approved February 8th, 1872, the Probate Court could have intervened in any manner, to set apart the homestead.  That statute was repealed by the "act to regulate property exempted from sale for the payment of debts," approved April 23d, 1873 ; and according to the ruling in *Sanders v. David*, at this term, the latter statute does not confer jurisdiction of the matter in controversy in this cause on the Probate Court.  The proceeding before it was, consequently, *coram non judice ;* and from its decree or order made in such a case, no appeal lies to this court.

The appeal in this cause is, consequently, dismissed.