# David's Adm'r *v.* David.

*Petition by Widow for Allotment of Exempt Property.*

1. *Homestead exemption; constitutional provision as to extent of.*—The constitutional provision which exempts "every homestead, not exceeding eighty acres," &c., is a limitation upon the power of the legislature to reduce the exemption below that quantity, but not upon the power to increase it.

2. *Same; occupancy.*—Neither the constitution, nor the act approved April 23, 1873, in reference to the allotment of homesteads to the widows or families of decedents, authorizes the selection, as a homestead, of lands which are not in fact occupied as such, nor adjacent to the lands so occupied, nor used as a part thereof.

3. *Allotment of exempt property to decedent's widow or children; jurisdiction of Probate Court; when appeal lies.*—Under the act approved April 23, 1873 (Sess. Acts 1872-3, p. 64), the power to appoint commissioners to select exempt property, conferred by the 13th section of said act, is given to the judge of probate, and not to the Probate Court; and the action of the court confirming the report of the commissioners, and overruling objections to it filed by the administrator, being *coram non judice* and void, will not support an appeal. (MANNING, J., *dissenting,* held that said court, in the exercise of its jurisdiction over the decedent's estate and the administration thereof, should take cognizance of the rights of the widow and children, as preferred distributees, in respect to the exempt personal property to be selected for their benefit.)

APPEAL from the Probate Court of Limestone.

In the matter of the estate of Robert C. David, deceased, on the petition of his widow, Mrs. Sallie C. David, for the appointment of commissioners to set apart and allot the

exempt property to which she might be entitled. When the commissioners made their report to the court, the administrator filed several objections to it, and moved to set it aside; but the court overruled his objections, and refused his motion. From this decree or decision the administrator appeals, and here assigns it as error. The material facts are stated in the opinion of the court.

R. A. McCLELLAN, and GEO. S. HOUSTON, for appellant.

WM. H. WALKER, and LUKE PRYOR, contra.

MANNING, J.—The property involved in this controversy was of the estate of the Robert C. David, of Limestone county. He died in May, 1873; and appellant, Sanders, was, on the 9th of June, appointed administrator of his estate, and on the 23d of that month returned an inventory and appraisement thereof into the Probate Court. On the 25th, upon petition of appellee, widow of the said Robert, to the judge of probate, that officer, by an order entered on the minutes of the court, appointed three persons (the same who had, under a prior appointment of the court, made the appraisement returned by the administrator), "to allot, set apart, and appraise, to and for the use of the said Sarah David, widow as aforesaid, all the property, both real and personal, exempt to her under the constitution and laws of this State, and to make due return in writing of their action in the premises to the court." The order mentions that the widow failed to nominate any one to perform this service. These three persons, called in the proceedings "commissioners," on the 27th of August, made their report of the property, real and personal, which was selected for the widow, and of the values thereof. It consisted of one hundred and sixty acres of land, of furniture, and other chattels personal, appraised at $509, and of $491 to be paid by the administrator, to make the personalty taken by her worth $1,000. To this action of the commissioners, the administrator, Sanders, filed a number of objections; which being dismissed, he appealed to this court.

1. The proposition most earnestly insisted on for appellant is, that so much of the act of April 23d, 1873, "to regulate property exempted from sale for the payment of debts," as undertakes to secure for the benefit of a family, or resident of the State, a homestead of one hundred and sixty acres, violates the constitution. The argument made in support of this interprets the words "not exceeding eighty acres," in the section of the constitution supposed to be in-

fringed, as a limitation on the power of the general assembly, that inhibits it from allowing to the protected homestead a larger area than that thus defined. We have decided otherwise, in *Miller v. Marx*, at this term. According to our view, it was the object of that section to secure a homestead property to every resident of the State, or person who should become such, and should acquire one, against any action or non-action of the legislature, by which it might be defeated; and in order to make the provision on the subject as complete as was consistent with the forms and requirements of the organic law, and to inform all persons of the extent of the homestead, in which its occupants would be thus protected, the words referred to were written in and made a part of the fundamental law. Thus understood, they operate as a limitation on the power of the general assembly to reduce the homestead within, but not on its power to enlarge it beyond, the quantity and value over which the constitution is extended as a shield.

The words, "not exceeding eighty acres," are contained in only one section of the constitution. That, so far as it concerns the proposition under consideration, runs as follows : " Every homestead, not exceeding eighty acres of land, and the dwelling and appurtenances thereon, to be selected by the owner thereof, and not in any town, city, or village,     *   *   *   * owned and occupied by any resident of this State, and not exceeding the value of two thousand dollars, *shall be exempted* from sale on execution, or any other final process from a court, for any debt contracted after the adoption of this constitution. Such exemption, however, shall not extend to any mortgage lawfully obtained," &c. *In toto corpore*, and in every feature, this presents the aspect of guardianship over the homestead, within the limits specified, against everything except the solemn deed of the owner, and especially against any action of the legislature. It provides that not the general assembly itself shall lessen the homestead property which a resident of the State may acquire, below those limits. But there is not a word therein, which restrains that body from exerting the great powers which naturally and necessarily belong to it, as the law-making department of the government, in an opposite, or any other direction. Whatever sovereign legislative authority is not denied to it by the State or Federal constitution, it may exercise. We know of no restriction upon its competency even to re-establish the rules of the common law, which were changed only by statutes, and which exempted in former times all land from sale under execution for the payment of debts. Certainly, there is no express prohibition, and we think nothing from which

[David's Adm'r v. David.]

a prohibition can be inferred, that hinders the legislature from increasing the quantity or value of the property which may constitute the homestead that shall not be sold or taken away under process of the courts, in favor of subsequent general creditors, from those for whom it was provided. The consideration of this, as of other policies, comes within the province of those who are elected by the people to deliberate upon and adopt such administrative measures, not forbidden to them, as will best promote the general welfare.

2. But neither the constitution, nor the act of April, 1873, allows the widow of a deceased person to take, as homestead, land which has never been occupied as such, or was not adjacent to, and used as a part of the same, but was distant and distinct therefrom. Some of the objections filed by the administrator import that this was the situation of the property allotted by the commissioners to the appellee, in this cause.

3. If so, however, a majority of the court have decided, that correction of the wrong that may have been thus done, cannot be made in this proceeding. They are of opinion, that the authority to appoint commissioners to select the exempt property, conferred by section 13 of the act of April, 1873, is conferred on the judge, as such, and not on the Probate Court; that the court had no jurisdiction to consider the objections filed to their report, and that any action by it thereupon would have been *coram non judice,* and not the subject of an appeal to this court; and that this appeal must, consequently, be dismissed.

In my own opinion, the widow and minor children of a deceased person ought to be regarded, in respect to personal chattels of his estate, not specifically designated in the statute, but to be selected, as exempt for their benefit, as preferred distributees thereof; of whose rights and interests, as such distributees, the Probate Court of the proper county must take cognizance in the exercise of its jurisdiction over the estate, and over the administration thereof.

According to the ruling of my brothers, the appeal must be dismissed.