# Fuller *et al. v.* Hollis.

*Bill in Equity to Enforce Vendor's Lien.*

*Deed deposited as an escrow; delivery essential to execution; effect of purchasing from a vendee holding bond for title, and of taking up the purchase-money note.*—The vendee of land, holding the vendor's bond for title upon payment of the purchase-money note, induced a third person to take up the note, with the understanding that he was to retain it, and a deed which the vendor was to execute to the vendee, until the amount paid on taking up the note was refunded. The third person took up the note, received the conveyance and kept it in his possession unrecorded. A judgment creditor of the vendee purchased the lands at execution sale,—

*Held*: 1. That the deed being deposited as an *escrow* could not take effect as a conveyance without a delivery.

2. The deed not having been delivered, the vendee stood as before its making, holding merely a bond for title and not the legal title.

3. The vendee holding only a bond for title, a purchaser of his interest takes only an equity, and is chargeable with notice of the vendor's lien.

4. The person taking up the purchase-money note, under the facts stated, stood in the vendor's shoes, having a lien superior to the purchaser at execution sale.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. HURIOSCO AUSTILL.

Daniel M. Brewer purchased of E. B. Wilkerson certain lands mentioned in the bill, and executed to Wilkerson his

promissory note therefor, whereupon Wilkerson gave bond for title to Brewer.   A year afterwards, Brewer paid one hundred dollars on said note, and then went to E. Hollis, complainant and appellee, and procured him to pay up the balance of two hundred and fifty dollars on said note, agreeing that Hollis should have a lien on the land, and should take the deed from Wilkerson and hold the same as an escrow or security for the amount so advanced to take up the note.   Wilkerson executed his deed to Brewer, and turned it over into the hands of Hollis, who held it as agreed.   The deed was not recorded. Before Brewer paid Hollis for the money advanced, the appellants obtained a judgment against Brewer, and execution was levied upon the lands in question, which lands were sold, and appellants became the purchasers, having bought through an agent who bid at the sale.   At the time of sale, and before the lands were bid in by appellant's agent, all persons, including the purchaser, were notified that appellee, Hollis, claimed a lien upon said lands for the unpaid purchase-money. Upon these facts the appellee, Hollis, filed his bill to enforce the lien upon said lands, as claimed by him under the agreements with Brewer.   Upon final hearing the chancellor decreed that the purchase of the land by appellants, Brown & Fuller, be subordinated to complainant's lien, and respondents were given sixty days within which to pay the complainant the amount advanced by him to take up the purchase note of Brewer, else the land be sold to satisfy said claim. From this decree the respondent appeals to this court, assigning the decree and rulings of the chancellor as error.

W. D. ROBERTS, for appellant.—1. Brown & Fuller were judgment creditors of Brewer, and their lien attached by the levy of execution before any notice of the claim of appellee, which ripened into a superior equity of appellee from the time of the levy.—*De Vendell v. Hamilton*, 27 Ala. 156; *Daniel v. Sorrell*, 9 ib. 436.

2.   The vendor's lien is in the nature of a mortgage— *Chapman v. C. et al.* 5 Ala. 397; and should be recorded— Revised Code, § 1557; so should the note for the purchase money.—*Ib.*

3.   The contract between Hollis and Brewer was an attempt to create a verbal mortgage on the lands, and is void under statute of frauds.—Revised Code, § 1862, cl. 6.   Such a mortgage can not be created on land.—See *Morrow v. Turner, Adm'r*, 35 Ala. 131.

[Fuller et al. v. Hollis.]

N. W. GRIFFIN, *contra.*—1. There is no doubt that Hollis, at the time he took the note sued on, had a lien on the land. 3 Parson's Contr. 277. The transferree had the same right to enforce payment of the note as the vendor. When the lien once attaches, in the absence of any waiver, it holds for any part of the purchase-money which remains unpaid, against all persons, except a purchaser for valuable consideration, without notice.—3 Par. Contr. 277; 2 Story's Eq. Juris. tit. *Lien.*

2. If the lien of the purchasers did attach at the time that execution went into the sheriff's hand, it did not give them a superior, but an inferior lien, to appellee.

STONE, J.—A deed may be delivered as an escrow, to any person other than the grantee, and does not become a conveyance so long as it remains in that condition, or until the condition is performed upon which it is to take effect. Delivery is essential to the execution of a deed, and until delivered, it is no deed.—*Frisley v. McCarty*, 1 Stew & Por. 56; *Firemen's Ins. Co. v. McMillan*, 29 Ala. 147. Such delivery may be shown by positive proof, or by circumstances. See *McClure v. Colclaugh*, 17 Ala. 89; *Ward v. Ross*, 1 Stew. 136; but to be effective as a conveyance, it must appear from the circumstances that the deed has passed from the grantor with the intention of actual delivery to the grantee.—See *Houston v. Stanton*, 11 Ala. 413; *McMorris v. Crawford*, 15 Ala. 271; *Trippe v. John*, 15 Ala. 117.

The pleadings and evidence in this record show that the deed of Wilkerson to Brewer never was delivered to the latter, but remained with Hollis as an escrow. This case then stands precisely as the contract was first made, namely: Mr. Brewer in possession, holding only a bond for title, and a large part of the purchase-money unpaid, Mr. Hollis being the owner of the claim. In such case, a purchaser from Brewer, or, at sheriff's sale of his interest, can, in no sense, be classed a purchaser without notice. To raise that presumption, a fundamental condition is, that Brewer must have had a legal title.—*Chapman v. Churm*, 5 Ala. 397; *Kelley v. Payne*, 18 Ala. 371; *Bradford v. Harper*, 25 Ala. 337; *Owen v. Moore*, 14 Ala. 640; *Wells v. Morrow*, 38 Ala. 125; *Roper v. McCook*, 7 Ala. 318; *White v. Stover*, 10 Ala. 441; *Plowman v. Riddle*, 14 Ala. 167. In such case there is a vendor's lien for the purchase-money, and such lien will not be lost by the assignee extending the day of payment, and taking a new note for the purchase-money in his own name.—*Conner v.*

*Banks*, 18 Ala. 42; see *Boyd v. Beck*, 29 Ala. 703; *Flinn v. Barclay*, 15 Ala. 626.

We think the chancellor reached the right conclusion, and. on correct reasoning.

Affirmed.

### *Bill in Equity to Enforce Vendor's Lien.*