[Alexander v. Alexander.]

# Alexander *v.* Alexander.

*Statutory Real Action in the Nature of Ejectment.*

71 295
98 158
98 482

71 295
115 696

1. *Charges to jury; how framed and construed.*—Charges to the jury should always be framed in reference to the testimony; and in construing them this court must have regard to the same standard.

2. *Presumptions on appeal in favor of rulings of primary court.*—The rule is, that this court can not presume anything, not shown by the record, as a ground for reversing the ruling of the primary court; and when an affirmative charge is given, which would be correct on any state of facts, it will be presumed that there was testimony which authorized the charge, unless the record affirmatively shows the contrary.

3. *Delivery of deed; what evidence sufficient to establish.*—It may be regarded as settled in this State, that when a paper purporting to be a deed is shown to have been signed by the grantor, to have been acknowledged and duly certified by a proper officer, and recorded in time in the office of the judge of probate of the county in which the lands lie, and there is no other evidence to weaken the force of these facts, this is sufficient proof of complete execution by delivery, although there is no direct proof of that fact.

4. *Same; whether presumption of delivery overturned, quære.*—But where the testimony also shows that when the deed was acknowleged and certified, the grantor took possession of it, and sent it to the registration office, with directions that, when recorded, it should be returned to him, which was done,—*quære*, whether this would not overturn the *prima facie* presumption of delivery which would otherwise arise from its acknowledgment and record, and whether this, unexplained by other testimony, would not show that there was, in fact, no delivery.

5. *Same; how ascertained when testimony indeterminate or ambiguous.* The question of the delivery *vel non* of a deed, when the testimony is indeterminate or ambiguous, is, and must be a question of intention with which the ambiguous or disputable act or acts, were done or performed.

6. *Same; how declaration of grantor in reference to, should be considered.*—Declarations and admissions of a grantor touching the delivery of a deed, on a question of delivery *vel non*, should be cautiously weighed, because of their liability to be misunderstood, the facility of fabricating them, and the difficulty of disproving them.

APPEAL from Shelby Circuit Court.

Tried before Hon. WM. S. MUDD.

This was a statutory real action in the nature of ejectment, brought by Thomas H. Alexander against John Alexander, and was commenced on 2d September, 1879. The plaintiff claimed title under a deed alleged to have been executed by defendant, and the point of contention was, whether that deed had ever been delivered. The evidence introduced on the trial, so far as disclosed by the bill of exceptions, is sufficiently stated in the opinion. The exceptions reserved were to two sections or subdivisions of the general charge of the court, numbered 4

[Alexander v. Alexander.]

and 5, and to four charges given at the request of the defendant. The portions of the general charge excepted to, and charges numbered 1 and 2, given at the request of the defendant, are sufficiently set out in the opinion. The other charges given at the request of the defendant are as follows: 3. "In considering the admissions and declarations of the defendant, testified to by any witness, if any such are testified to, such declarations and admissions should be cautiously weighed, because of their liability to be misunderstood, the facility of fabricating them, and the difficulty of disproving them." . 4. "Although the jury may believe that the deed was handed by John Alexander to Thomas Alexander, and that he kept it in his possession for a few minutes, that is not sufficient to constitute a delivery, unless it passed from John Alexander, with the intention of actual delivery to said Thomas Alexander."

The trial resulted in a verdict and judgment for the defendant, from which the plaintiff appealed; and he here assigns the rulings of the Circuit Court on the charges above noted as error.

HEFLIN, BOWDEN & KNOX and WILSON & WILSON, for appellant, cited, *McLure v. Colclough*, 17 Ala. 89; *Elsberry v. Boykin*, 65 Ala. 336; *Rivard v. Walker*, 39 Ill. 413; *Mallet v. Page*, 8 Ind. 364; *Stevens v. Hatch*, 6 Minn. 64; *Warren v. Swett*, 31 N. H. 332; *Floyd v. Taylor*, 12 Ir. (L.) 47; *Waddell v. Hewitt*, 1 Ir. (Eq.) 475; *Dayton v. Newman*, 19 Pa. St. 194; *Fararr v. Bridges*, 5 Humph. 411; *Byers v. McClannahan*, 6 Gill. & J. 250; *Stewart v. Reddit*, 3 Md. 67; *Crawford v. Bertholf*, Sax. Ch. 458; *Thompson v. Hammond*, 1 Ed. Ch. 497; *Cook v. Brown*, 34 N. H. 460; *Johnson v. Farley*, 45 N. H. 505; *Scrugham v. Wood*, 15 Wend. 545; *McEwen v. Troost*, 1 Sneed, 186; *Corley v. Corley*, 2 Cold. 520; *Ruckman v. Ruckman*, 33 N. J. Eq. 356; *Jordan v. Pollock*, 14 Ga. 145; *Gebion v. Portee*, 2 Dev. & B. (Law) 530; *Braman v. Bingham*, 26 N. Y. 488.

H. C. TOMPKINS and BRADFORD & BISHOP, *contra*, cited *Union Mut. Ins. Co. v. Campbell*, 95 Ill. 267; *Hawkes v. Pike*, 105 Mass. 560; *Elsey v. Metcalf*, 1 Den. 323; *Jackson v. Phipps*, 12 Johns. 418; *Jackson v. Dunlap*, 1 Johns. Cases, 114; *Kingsbury v. Burnside*, 58 Ill. 324; *Jackson v. Perkins*, 2 Wend. 308; *Gilbert v. North Am. Ins. Co.*, 23 *Ib.* 43; I Jones on Mort. § 539; *Fuller v. Hollis*, 57 Ala. 435; *Tisher v. Beckwith*, 30 Wis. 57; *Wittick's Adm'r v. Keiffer*, 31 Ala. 199; 1 Brick. Dig. p. 337, § 23; 1 *Ib.* p. 775, § 29; *Ib.* p. 781, § 120.

STONE, J.—Charges of the court should always be framed

in reference to the testimony, and in construing them we must have regard to the same standard.—1 Brick. Dig. 345, § 141; *DeArman v. The State,* at the present term.

The bill of exceptions leaves no room for doubt or dispute as to the following facts: John Alexander himself spoke to the draughtsman, and procured the deed to be drawn. The deed expresses a valuable consideration, and is, in form, a deed of bargain and sale, with covenants of warranty. It bears date January 18, 1870, and has the signature of John Alexander, but no subscribing witnesses. On the 5th day of February, 1870, John Alexander acknowledged the execution of the deed before a justice of the peace, who thereupon certified the acknowledgment in the form given in the statute, and bearing the same date. John Alexander thereupon enclosed the deed in an envelope, delivered it to a friend, a stranger to this record, and requested him to deliver it to the judge of probate, with directions to record it, and return it to him, John Alexander. The judge of probate marked it filed in his office for record, February 7th, 1870. After recording it, he returned it to John Alexander, the signer, who had possession of it at the trial. The bill of exceptions is silent as to the presence of Thomas H. Alexander when any of these acts were done, nor does it show any testimony that the deed ever was in Thomas H. Alexander's possession. It does not purport to set out all the testimony, but contains this clause: "There was considerable evidence by words and acts for several years next after the deed was signed, tending to show a delivery of the deed by John Alexander to Thomas H. Alexander, and considerable evidence during the same time tending to show that the deed never was delivered by John Alexander to Thomas H. Alexander." Charge numbered 4, given at the instance of defendant, would indicate that the plaintiff, Thomas Alexander, had made some proof that the deed, at some time, had been in his possession for a few minutes, but it is silent as to the time or circumstances under which he obtained the possession. The rule is, that we can not presume any thing, not shown by the record, as a ground for reversing the ruling of the primary court; and when an affirmative charge is given which would be correct on any state of facts, we presume there was testimony which authorized the charge, unless the record affirmatively shows the contrary.—1 Brick. Dig. 336, § 12.

It may be regarded as settled in this State, that when a paper purporting to be a deed is shown to have been signed by the grantor, to have been then acknowledged and duly certified by a proper officer, and recorded, in time, in the office of the judge of probate of the county in which the lands lie, and there is no other proof to weaken the force of these facts, this is suf-

[Alexander v. Alexander.]

ficient proof of complete execution by delivery, although there is no direct proof of delivery. And the rulings of many other courts hold the same doctrine. These naked facts, it is said, make a *prima facie case.—Frisbie v. McCarty*, 1 Stew. & Port. 56; *Ward v. Ross*, 1 Stew. 136; *Elsberry v. Boykin*, 65 Ala. 336; *Corley v. Corley*, 2 Cold. (Tenn.) 520; *Union Mut. Ins. Co. v. Campbell*, 95 Ill. 267; *Jackson v. Perkins*, 2 Wend. 308.

In the statement of undisputed testimony in this case, those points stated above are not left alone. The testimony equally shows that when the deed was acknowledged and certified, John Alexander, the grantor, took possession of it himself, sent it to the registration office, and directed that, when recorded, it should be returned to him, and it was done. If it were necessary for the decision of this case, it may present a question of grave inquiry, whether this fourth fact does not overturn the *prima facie* presumption of delivery, which would otherwise arise out of the first three enumerated facts. Does it not (unexplained so far as this record informs us), show there was, in fact, no delivery at that time?

Sections or subdivisions 4 and 5 of the general charge, and charges 1 and 2 of those given at the instance of defendant, each asserts, substantially, the same proposition, namely: That although John Alexander signed and acknowledged the deed and had it recorded, yet this would not constitute the paper an executed conveyance, unless the jury were satisfied from the evidence that the deed passed from the grantor, John Alexander, with the intention of delivery to the grantee, Thomas Alexander. In construing these charges, we must not lose sight of the testimony, that John Alexander took control of the deed, both after the acknowledgment was certified, and after the deed was recorded. The question of delivery then depended on the other testimony, *pro* and *con*, bearing on the question of delivery, but not set out. In this connection, the implication found in charge 4, given at the instance of defendant, should not be ignored. That implication is, that, at some time, Thomas Alexander had the paper in his hands for a few minutes. And in favor of the correct ruling of the court, we must suppose the circumstances were such as to raise some doubt or dispute, whether such temporary possession, and contradictory evidence as to whether the defendant actually parted with dominion over the deed, were or were not of that debatable class, the motive or intent of which becomes a question for the jury. The books abound with rulings, which declare that the question of delivery *vel non*, when the testimony is indetrminate or ambiguous, is, and must be a question of intention with which the ambiguous or disputable act or acts were done or performed. *Hawes v. Pike*, 105 Mass. 560; *Elsey v. Metcalf*, 1 Denio, 323;

[Brewer v. Watson.]

*Ruckman v. Ruckman*, 33 N. J. Eq. 354; *Warren v. Swett*, 31 N. H. 332; *Dayton v. Newman*, 19 Penn. St. 194; *Byers v. McClanahan*, 6 Gill. & J. 250; *Stewart v. Redditt*, 3 Md. 67; *Johnson v. Farley*, 45 N. H. 505; *Folly v. Vantuyl*, 4 Halst. 153; *Union Mut. Ins. Co. v. Campbell*, 95 Ill. 267; *Jackson v. Phipps*, 12 John 418; *Jackson v. Dunlap*, 1 Johns. Cas. 114; *Crawford v. Bertholf*, Saxt. Ch. 453; *Kingsbury v. Burnside*, 58 Ill. 310; *Stevens v. Hatch*, 6 Minn. 64; *Doe ex dem. v. Knight*, 5 B. & Cres. 671; *Rivard v. Walker*, 39 Ill. 413. We must suppose the word *intention*, found in several of the charges, was called forth by the indeterminate character of the testimony bearing on the question of delivery.

We do not think the Circuit Court erred in giving the charges referred to, or either of them.

The present record raises no question as to the testimony by which the intention of the grantor was sought to be shown, and we must presume the testimony was legal and free from objection. If it were shown that his intention was a mere uncommunicated purpose existing in John Alexander's mind, that might present a question of the legality of the evidence—a question not raised by this record. Intention, like notice, is probably an inferential fact, to be drawn by the jury from the facts and circumstances in evidence.—*Burns v. Campbell, ante,* p. 271 and authorities cited.

Charge 3, given at the instance of defendant, is in the exact language of the authorities, and is free from error.

There is no error in the record, and the judgment of the Circuit Court is affirmed.