# Holdsombeck v. Fancher
## and
# Fancher v. Holdsombeck.

*Arbitration Proceedings under Statute in Probate Court on Petition of Administrator.*

1. *Arbitration of disputes arising in settlement of estates in probate court; construction of statute.*—The statute (Code of 1886, §§ 2183 *et seq.*), authorizing the probate court, in which a settlement of the estate of a decedent may be pending, to refer all matters of controversy arising out of such settlement to arbitration, under certain conditions therein specified, was designed to meet cases of controversy growing out of the settlement and distribution of estates of which the probate court has jurisdiction, and existing between the parties to such settlement, and does not apply to a controversy or dispute between an administrator and third parties as to whether certain personal property which had been set apart as exempt to the widow of the administrator's intestate, upon her death, reverted to her husband's estate, or belonged to such third parties who claimed it as heirs of the widow; and any proceedings in a probate court to effectuate a settlement of such a dispute by arbitration under such statute are *coram non judice*, and any order or judgment entered therein, though by consent, is void.

2. *Same; appeal dismissed when taken from a void judgment.*—When a judgment is rendered in a proceeding attempted to be had in the probate court under section 2183 of the Code of 1886, looking to an entry of the award of arbitrators, but of which proceeding, as is

shown by the petition, the court had no jurisdiction, such judgment is void and unauthorized, and an appeal therefrom will be dismissed by the appellate court *ex mero motu*.

3. *Appeals; right to make cross assignments of error.*—Rulings made during the progress of the trial of a cause against the party who ultimately prevails can not be reviewed on the appeal of the losing party, even though the appellant consents that they may be assigned as error, and files a joinder in such cross assignments.

APPEAL from the Probate Court of Bibb.

Tried before the Hon. M. Y. HAYES.

E. W. Holdsombeck, as administrator *de bonis non* of the estate of John Latham, deceased, filed his petition in the probate court of Bibb county, in which he averred that there was a dispute existing between him, as such administrator, and certain heirs of the widow of John Latham, deceased, as to certain personal property, which had been set apart to the widow of petitioner's intestate, and to which, after said widow's death, her heirs laid claim ; and that a part of said property was in the hands of the petitioner, and a part was in the hands of said heirs. After such averments, the petitioner prayed for an order, as provided by section 2183 of the Code of 1886, allowing him to submit said dispute, as. to the owner-ship of the personal property, to arbitration. On the day of the filing of the petition, the probate court granted the petition, and made an order authorizing the submission of the dispute to arbitration. Pursuant to said order, the arbitrators made their award, and returned into court the articles of agreement to submit to arbi-tration, which were duly accepted by the court, and the award was made thereon. The heirs of Mrs. Latham appeared as defendants, and filed their objections to said award, assigning several grounds. Motions were made by the administrator to strike these objections from the file, and these motions were overruled. Upon consid-ering the grounds of objections filed by the defendants, the court sustained three of them, and overruled the other grounds. To the sustaining of the three grounds of objection the administrator duly excepted, and to the overruling of the other grounds of objection to said award, the defendants duly excepted. The administrator then moved the court to have said award entered up as a decree of said probate court, on the ground that the parties had signed the articles of submission in which

[Holdsombeck v. Fancher and Fancher v. Holdsombeck.]

they agreed that said award should be entered up as the decree of the court. The court overruled this motion, refused to enter the award as the decree of the court, and rendered a decree sustaining the said three grounds of objection to said award, above referred to. The administrator appeals from this decree, and assigns as error the several rulings of the trial court to which he reserved exceptions. The defendants prosecute a cross appeal, and assign as error the decree of the court overruling some of the grounds of their objections to said award.

S. D. LOGAN, for appellant Holdsombeck.—The court erred in overruling the motion of the administrator to strike the objections to the award from the file, because the parties objecting to said award had formerly agreed to arbitration, and the award was the result of such arbitration. Upon all principles of estoppel, they ought not to be allowed to object to the award they had executed. For mutuality is the essential of the doctrine of estoppel, and the defendants having received the property awarded him, are estopped from afterwards objecting to the award. *Bentley v. Cleaveland,* 22 Ala. 814; *Gwynn v. Hamilton,* 29 Ala. 233; *Bloodgood v. Grasey,* 31 Ala. 575; *Edmondson v. Montague,* 14 Ala. 370; *McRae v. Bucks,* 2 Stew. & Port. 159; *Willingham v. Harrell,* 36 Ala. 583.

ELLISON, JONES & MAYFIELD, *contra.*—There can be no valid arbitration in the probate court, unless the three arbitrators are appointed by an order of the court, as provided in section 2189 of the Code of 1886. The arbitrators in this case were not appointed by an order of the probate court, and the pretended arbitration was absolutely null and void. An award made in the face of the statute is a mere nullity, and as such is incapable of ratification. "An award which is, under a statute, not voidable only, but absolutely void, is incapable of receiving validity from any act of ratification."—Moss on Arbitration, p. 532; *Wiles v. Peck,* 26 N. Y. 42; 6 Wait's Act. & Def., p. 527.

HEAD, J.—Section 2183 of the Code of 1886, provides that "on the settlement of the estate of a decedent when such estate is free from debt, the probate court in

which such settlement may be pending has authority to refer all matters of controversy arising in such settlement to arbitration, if in the opinion of the court, the interests of the parties can be best subserved thereby, and the parties, or their attorneys, consent thereto;" and the subsequent sections of the article contain further provisions for the appointment of the arbitrators, the making of the award, the entry thereof as the judgment of the court, or its setting aside, if not approved. It is an entire misconception to suppose that the record discloses a case, allowing the application of these sections. The petition which the administrator filed in the probate court, wherein he prayed for an order, under section 2183 of the Code of 1886, submitting to arbitration the dispute between him and the three persons named, as to the ownership of certain personal property, did not disclose any matter of controversy arising in the settlement of the estate he was administering, within the meaning of that section. It did not show that any settlement of the estate was pending in the probate court. The dispute alleged in the petition simply was whether the exemptions which had been set apart to the widow of the decedent, upon her death, reverted to her husband's estate, or whether said property belonged to the three named parties, who were alleged to be in possesssion of part of it, the petitioner alleging that another portion was in his hands. In other words the administrator had property claimed by third persons and they had property claimed by him, thus creating controversies which the circuit but not the probate court has jurisdiction to determine, and which the administrator, by virtue of his authority to institute or defend suits, could submit to arbitration.—*Jones, Admr. v. Deyer*, 16 Ala. 221. The petition to the probate court for authority to arbitrate the dispute was, therefore, unnecessary and its order granting the petition was as impotent as it was unauthorized by section 2183 of the Code of 1886, which was designed to meet cases of controversy arising out of the settlement and distribution of estates, of which the probate court has jurisdiction, and existing between the parties to such settlements. The proceedings which were had in the probate court, looking to the entry of the award of the arbitrators, selected by the parties, as the judgment of that court, were all *coram non judice*;

and its judgment setting the award aside was void. From such a void and unauthorized judgment, no appeal lies to this court, and this appeal must, upon our own motion, be dismissed.—*Pettus v. McKinney*, 56 Ala. 41 ; *David's Admr. v. David*, 56 Ala. 49 ; *Hays v. Cockrell*, 41 Ala. 75.

We need hardly say that the agreement of the parties, contained in the articles of submission, that the award should be entered up as the judgment of the probate court of Bibb county could not confer jurisdiction upon that court, nor impose upon it the duty of complying with such agreement.

The view we take of the case renders it unnecessary to notice the contentions of counsel, arising out of the various motions, counter-motions and rulings thereon in the probate court.

Whatever rights, if any, the parties have, growing out of their submission of the dispute between them to arbitrators of their own selection, and the award made in consequence of such submission, they are free to effectuate in some appropriate method, should resort to legal remedies be necessary. This is not the time, however, to consider the nature of those rights and remedies.

The cross assignments of error cannot be entertained ; indeed, they could not be considered, even if the judgment of the probate court had been of such a character as would have supported the appeal. An appellee in this court cannot make a cross assignment of errors, when no judgment has been rendered against him, which would support a separate appeal. Rulings made during the progress of a cause against the party who ultimately prevails are mere abstractions, not revisable upon the appeal of the losing party, even though the appellant consents that such rulings may be assigned for error and he files a joinder therein.—*Wright v. Evans*, 53 Ala. 103 ; *Leslie v. Langham*, 40 Ala. 524.

The cross assignments of error must be stricken, and the original appeal dismissed.