# McLendon *et al.* v. Stephens *et al.*

*Appeal from Decree of Probate Court.*

1. *Bill of exceptions; office of.*—The office of a bill of exceptions is to preserve evidence of and to present for review some action or ruling of the court made in a pending cause upon a matter which is being passed on or determined by the court as such.

2. *Same; entry of decree not subject of .*—The entering as distinguished from the rendition of a decree of the probate court is an act pertaining to the ministerial functions of the pro-

[McLendon *et al.* v. Stephens *et al.*]

bate judge and is not the subject of a bill of exceptions.

3. *Appeal; what will not support.*—If a probate judge sitting as a court of probate renders a decree but does not enter it on the minutes until some time afterwards, objections to his entering the decree cannot be made effective by appeal. If the decree is valid it relates to the time of actual rendition according to its purport; if it is invalid because entered without authority it will not support an appeal.

APPEAL from Jackson Probate Court.

Heard before Hon. C. L. CARGILE.

This cause is an appeal taken by the contestants of a will from the decree of the probate court rendered on the contest. There was no effort to show any errors in the court in the contest proceedings; but the matter insisted on as error is simply that the judge before whom the contest was tried did not make the entry of decree on the minutes of the court at the time the contest was had, and not until some time after his term of office had expired and his successor had qualified and taken charge of the office. There was nothing before this court to show that the contention of appellants was true. The paper purporting to be a bill of exceptions was not signed by any one. The only thing properly before the court was the judgment, and this appearing to be regularly entered at the date of the contest, was affirmed.

TALLY & PROCTOR and W. H. NORWOOD, for appellants. The court erred in overruling appellants' objections to entering decree.—*Hurst v. McWhorter*, 72 Ala. 638; *Vincent v. Rodgers*, 30 Ala. 471; *Landreth v. Landreth*, 9 Ala. 430; *Herring v. Cherry*, 75 Ala. 376; *Moody v. Keener*, 9 Port. 252; *Hudson v. Hudson*, 20 Ala. 364; *Lilly v. Larkin*, 66 Ala. 122.

J. E. BROWN, *contra.*—(1). Probate judge had authority to enter judgment.—*Lilly v. Larkin*, 66 Ala. 110; *Dabney v. Mitchell*, 54 Ala. 198; *Acklin v. Acklin*, 45 Ala. 609; *Box v. Delk*, 47 Ala. 729.

(2). If judgment was void, no appeal will lie from it. *Pettus v. McKenney*, 56 Ala. 41; *Davids v. Davids*, 56 Ala. 49; *Hays v. Cockrell*, 41 Ala. 75; *Garrison v. Burdell*, 40 Ala. 513.

SHARPE, J.—This appeal is from a decree of the probate court which purports on its face to have been regularly entered on the 3rd day of November, 1898, at the conclusion of a trial involving a contested application to probate a will in which there was a verdict in favor of the proponents.

The matter assigned for error appears only by what is called a bill of exceptions and consists of the supposed unauthorized action of the probate judge on the 25th day of November, 1898, in then causing the decree to be written for the first time upon the records.

The bill of exceptions recites among other things that "while the judge of said court was proceeding to enter said judgment on the records, the above named defendants who contested said will by their attorneys appeared in said court and filed objections in writing with the judge of said court to the making and entering of record of the said judgment or decree *nunc pro tunc* probating said will," and the grounds of the objections are set forth, being in substance that there was no evidence of record or *quasi* of record to authorize the entering of the decree. It recites further, "that no petition or motion was made in said cause to amend the record *nunc pro tunc,* but the same was a proceeding by Wm. B. Bridges, the retiring probate judge, to write a minute entry of a trial begun and had before him to probate the will of said LaFayette Derrick deceased, wherein a trial was had before him on said contest, beginning on the 21st day of October, 1898, and ending on the 2nd day of November, 1898." It is also stated in the bill of exceptions that "the court overruled the said objections of the defendants hereinabove set out at length and allowed the making and entering of record on the said 25th day of November, 1898, of the said judgment or decree *nunc pro tunc* and to said decision, ruling and judgment of the court the said defendants by their attorneys jointly and severally excepted in writing at the hearing of said cause." At the foot of the bill of exceptions as it appears in the transcript there appears the words: "Filed Dec. 3rd, 1898, C. L. Cargile, Judge of Probate," and otherwise the bill is not signed.

[Johnson v. Whitfield & Pinckard.]

The office of a bill of exceptions is to preserve evidence of and to present for review some action or ruling of the court made in a pending cause upon a matter which is being passed on or determined by the court as such.— *Rives v. McCloskey*, 5 Stew. & Port. 330 ; *David's Admr. v. David*, 56 Ala. 49. The objection made by the appellants was not to the rendition of the decree by the probate court, for that event had long passed. It was not to the granting of any motion or order to enter the decree *nunc pro tunc*, for no such motion or order was made.

The entering as distinguished from the rendition of the decree was the act objected to by appellants. That was an act pertaining merely to the ministerial functions of the probate judge and was not the subject of a bill of exceptions. If the writing here relied upon as such could be so treated, still it is not available to present for review matters happening after the decree appealed from. If this decree is valid, it relates to the time of actual rendition according to its purport. If as appellants contend it is invalid because entered without authority, it will not support an appeal.

The decree is apparently valid and regular and in this appeal it must be so treated.

The final result being in favor of the appellees, previous rulings are inconsequential to them and will not be reviewed on their cross-assignments of error.—*Holdsombeck v. Fancher*, 112 Ala. 469.

The decree of the probate court will be affirmed at appellants' cost.