# Gulf Red Cedar Co. *et al. v.* Crenshaw *etal.*

### *Bill in Equity for an Accounting and Injunction.*

1. *Right of co-tenant to maintain bill for an accounting; when shown to exist.*—Although there is concurrent jurisdiction between courts of equity and courts of law as to all matters of accounting between tenants in common, either tenant may invoke assistance of equity to compel an accounting by his co-tenant upon showing a necessity therefor.

2. *Same; same; case at bar.*—Where a tenant in common receives more than his share of the proceeds, as by cutting down timber from lands owned in common and selling it, his co-tenant can maintain a bill in equity for an accounting; and when in a bill filed by said co-tenant, it is averred that the defendant had for a number of years cut and removed timber from the lands owned in common, and converted the proceeds to his own use; that by reason of such facts the accounts between defendant and complainant were complicated and were all kept by the defendant, and for want of information or knowledge the complainant was unable to tell how much timber had been cut by the defendant and converted to his own use, and that the defendant was continuing to cut said timber, and that, therefore, a discovery was necessary, and the bill prayed for such discovery, for an accounting between the complainant and defendant, and for an injunction restraining the defendant from cutting the timber in future, such bill contains equity and can be maintained.

3. *Bill for an accounting; when no misjoinder of parties.*—Where. bill is filed by several tenants in common against a co-tenant, for an accounting by the defendant by reason of a continuous series of acts on his part in cutting and disposing of timber from lands in which complainants and defendant were jointly interested, and the complainants all claim under a common source of title, there is no misjoinder of parties complainant, although some of them might be entitled to recover more than the others.

4. *Same; misjoinder of causes of action.*—Where a bill is filed by a tenant in common against a co-tenant asking an account-

[Gulf Red Cedar Co. *et al.* v. Crenshaw *et al.*]

ing between the parties because of the defendant cutting and disposing of timber from the lands owned in common and converting the proceeds to his own use, and it is averred that the defendant not only cut the timber from the lands owned by complainants and defendant as tenants in common, but also from a contiguous tract of land in which the defendant had no interest, there is no misjoinder of causes of action by reason of the fact that in addition to holding defendant liable to account for the timber in which he was a tenant in common with the complainant, the bill further seeks to hold him liable for the timber cut in which he had no interest.

5. *Bill for an accounting; statute of limitations.*—Where a bill is filed by tenants in common against a co-defendant for an accounting because of the defendant, during a series of years, cutting and disposing of timber in which complainants and defendant were tenants in common, it is averred in such bill that at the time of its filing the defendant was continuing to cut and dispose of said timber, such bill is not subject to demurrer upon the ground that it is barred by the statute of limitations of six and ten years.

6. *Bill in equity for an accounting between tenants in common and for a discovery; when officers of corporations not improper parties defendant.*—Where a bill is filed by tenants in common against a corporation as a co-tenant, seeking an accounting and asking for a discovery, and the president and general manager of the corporation are made parties defendant upon the ground that the complainants not being informed as to who is better able, by reason of a knowledge of the facts, to make answer for the company, and a number of interrogatories are propounded to the defendant corporation to be answered by said officers as to the one or the other who have a knowledge of the facts inquired about, such bill is not subject to demurrer upon the ground that the defendant corporation may be prejudiced by the answers made by its officers joined as parties defendant.

APPEAL from Chancery Court of Butler.

Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellees against the appellants. The averments of the bill as originally filed are set forth at length in the report of the case on its former appeal, as found in 131 Alabama, 117, and special reference is here made to the report therein contained.

Upon the remanding of the case the bill was amended in two parts. These amendments are sufficiently shown in the opinion. To the bill as amended the defendant demurred upon many grounds, which may be summarized as follows: "1. That it plainly appears in and by said original bill of complaint, as amended, that the complainants hath a plain and adequate remedy at law. 2. That it plainly appears in and by said original bill of complaint, as amended, that there is a misjoinder of causes of action stated in said bill of complaint as amended. 3. That it plainly appears in and by said bill of complaint, as amended, that there is a misjoinder of parties-complainant in said bill, as amended. 4. That the rights of the complainants sought to be enforced in and by said original bill of complaint as amended, are state demands and should not be enforced in a court of equity. 5. That the causes of action stated in the complainants' bill of complaint as amended, are barred by the statutes of limitations of six years. 6. That the causes of action stated in the complainants' bill of complaint as amended, are barred by the statute of limitations for ten years. 7. That it plainly appears in and by said bill of complaint as amended, that an action of trespass in a court of law is a plain and adequate remedy for complaints concerning the matters set forth in said bill of complaint as amended. 8. That it plainly appears in and by said bill of complaint as amended, that the causes of action set forth in said bill of complaint, as amended, for cutting timber on the six hundred and forty (640) acres of land described in contract with Jos. Steiner & Sons, presents a separate and distinct cause of action for the cutting of timber, on the residue of the twenty-three hundred and thirty six (2336) acres of land described in the bill of complaint as amended, and that the causes of action set forth in said bill of complaint, as amended, and separate and distinct and misjoined in said bill. 9. That it doth plainly appear in and by said bill of complaint as amended, that this respondent is a corporation under the laws of Alabama, and as such has the right to plead, answer or demur to said bill of complaint as amended, and to

[Gulf Red Cedar Co. *et al.* v. Crenshaw *et al.*]

answer the several interrogatories therein contained, as other domestic corporations under the constitution and laws of Alabama are thereunto permitted, and in and by said bill of complaint as amended, the complainants. seek to have its answer made by W. H. Parrish, or by Geo. H. Scott, agent, and there is no power under the laws of Alabama given to complainant to thus limit the power of the respondent in making its answer. 10. That it appears in and by said bill of complaint as amended, that Geo. H. Scott is an employee of the Gulf Red Cedar Company, and the complainants seek by their said bill of complaint to have this respondent bound by an answer to be made by said employee. 11. The said bill of complaint in and by its averments, fails to allege that W. H. Parrish and G. H. Scott are the persons authorized to answer the interrogatories propounded in said bill as amended. 12. The said bill as amended in and by its averments makes W. H. Parrish and George H. Scott parties defendant for the purpose of answering the same in behalf of the Gulf Red Cedar Company, but fails to aver that said Parrish and Scott, or either of them are authorized to make such answer, and fails to aver that the matters alleged in said bill and inquired about in the interrogatories attached to said bill are within the knowledge of said Scott and Parrish or either of them."

On the submission of the cause and the bill as amended and the demurrers thereto, the Chancellor rendered a decree overruling said demurrers. From this decree respondent appeals and assigns the rendition thereof as error.

C. E. HAMILTON and D. M. POWELL, for appellant.— While the bill alleges a number of grounds upon which they insist they are entitled to a discovery, still a careful examinationof the bill will show that complainants are simply seeking pay for a lot of cedar timber taken from their lands. No facts are set up showing that they were really ignorant of the acts of defendants. Being nothing but cedar timber growing on complainants lands, it seems that this court would take judicial knowledge that its quantity and value would not be difficult to ascertain. This being true, an action of trover would lie. *Moore et al v. Walker,* 124 Ala. 199.

When there is no confusion or complication of the accounts between the tenants in common, the one who has not received his share has a plain and adequate remedy for its recovery at law, and cannot maintain a bill in equity for such purposes.—*McCaw v. Baker et al*, 115 Ala. 543.

J. M. CHILTON, *contra.*—If there were no other right to invoke the exercise of equitable jurisdiction, the right to a discovery would be sufficient, and that the bill is well filed as a bill of discovery, cannot be well controverted. It was drawn in the light of the decided cases in this State, and follows closely the precedent existing in the case of *Virginia and Ala. Mining Co. v. Hall*, 93 Ala. 542. When the necessity for a discovery is shown, the court will proceed to do complete justice between the parties, though as to some features of the case, or the main features of the case, the remedy at law would be adequate and complete.—*Scriggs v. Driver*, 19 Ala. 279; *Stewart v. Stewart*, 51 Ala. 207; *Hooper v. R. R.*, 69 Ala. 529; *Ware v. Russell*, 70 Ala. 174.

But beside the necessity for a discovery, the bill is well filed, as we have shown, for an accounting between tenants in common and to remove a cloud from the title. *Wilkinson v. Stewart*, 74 Ala. 198; *Gayle v. Johnson*, 80 Ala. 563.

Courts of equity are opposed to a multiplicity of suits, so much so that their prevention is of itself a ground of equitable jurisdiction. Here the company was cutting off of the adjacent lands and sawing the timber indistinguishably which came from different portions. Under such circumstances it cannot be said that the matters are so foreign to each other that they cannot be combined in one suit. Indeed, it is difficult to perceive how one claim could be settled without the other. There was no misjoinder of causes of action in the bill.—*Va. Mining Co. v. Hale*, 93 Ala. 542; *Scriggs v. Driver*, 19 Ala. 279; *Stewart v. Stewart*, 31 Ala. 274; *Price v. Carney*, 75 Ala. 546; *Hooper v. R. R.*, 69 Ala. 529; *Ware v. Russell*, 70 Ala. 174; 2 Am. Dec. 673.

TYSON, J.—The opinion upon a former appeal in this case is reported in 131 Ala. 117. Upon the return of the case to the chancery court, the bill was amended in two particulars only. One, to eliminate the aspect founded on the claim that the power reserved by the grantor, Thomas C. Crenshaw, did not extend to a sale of timber separately from the land, which we decided was an inadmissible construction of the particular deed under consideration; but this, of course, did not affect the right to relief under the other aspect of the bill as to which we affirmed the decree overruling the demurrers. The other amendment simply altered the allegation as to the age of the youngest child of Thomas C. Crenshaw at the date of the sale or lease to the Steiners; the amendment stating that the youngest child was then of age, whereas the original bill only averred that the youngest child was of age when the extension agreement was made. It is thus evident that the bill is the identical one which on the former appeal we held to be unobjectionable.

1. The first of the present demurrers is that the plaintiffs below have a plain, adequate and complete remedy at law. There is no doubt that the defendants, no matter what may be the facts in reference to whether the interlineation in the deed of Thomas C. Crenshaw, changing the limit of the power reserved from the arrival of the youngest child to the age of twenty-one years to the life of the grantor, was before or after delivery, and no matter whether the youngest child became of age before or after the conveyance to the Steiners, were tenants in common with the complainants of the timber upon the lands. Whether the rights of the parties were greater or less will depend, of course, upon those facts. The question then is, do the circumstances disclosed in the bill, make a case within the jurisdiction of the chancery court, or must the complainants, each for himself, bring a separate suit at law, and settle before a jury the liability of the defendants for the share of each tree belonging to him or her, converted by the defendants during the long course of years they have been using the cedar timber.

Courts are organized to administer justice. The law

is not attached to, nor does it shrink from any particular formula in performing this duty.    There are ordinarily two tribunals for the redress of wrongs; one, at law, before a jury, when the remedy there is plain, adequate and complete; the other, in chancery when there is either no remedy, or one not plain, adequate and complete in the law court.

Our statutes have provided no special remedy for suits between tenants in common.    We have not even adopted the statute of 4 and 5 Anne, correcting the defect of the common law in this regard.    We can see from that statute, which allows the action of account to be brought by one joint tenant or tenant in common against another for more than his share of actual receipts of profits, and not for mere use and occupation, what was the defect of the common law.    Indeed, the common law afforded no remedy in such case, unless one tenant made the other his bailiff.—Freeman on Cotenancy, §§ 269, 270; *Gayle v. Johnson*, 80 Ala. 400. There was always a right to hold a co-tenant to account in equity.    Speaking on this point, Mr. Story, in his work on Equity Jurisprudence, says: "Although there was no remedy at the common law, yet a bill in equity might be maintained for an account against the personal representatives of guardians, bailiffs, and receivers; and such was the usual remedy prior to the remedial statute of Anne.    And no action of account lay at the common law against wrong-doers; or by one joint tenant or tenant in common or his executors or administrators against the other as bailiff for receiving more than his share, or against his executors or administrators, unless there was some special contract between them whereby the one made the other his bailiff; for the relation itself was held not to create any privity of contract by operation of law."

In 11 Ency. Pl. & Pr., in the article on "Joint Tenants and Tenants in Common," the author after stating the rule as we have stated it with reference to the liability at common law of one joint tenant or tenant in common to another for rents and profits, says this (p. 769): "The common law rule, as hereinbefore shown, not permitting one joint tenant or tenant in

common to have an action *ex contractu* against his companion unless as bailiff, his only remedy was by bill in equity; but the change in the rule, giving an action, did not abridge the remedy in equity in proper cases, and where a case is presented involving a variety of adjustments, limitations, cross-claims, or other complications, a court of equity will afford the parties superior facilities for effecting distributive justice between them."

We understand the rule in reference to the right to proceed in equity rather than at law, when the jurisdiction is concurrent, to be, in order to exclude the remedy in equity, the remedy at law must be "as complete, as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity."— *Walla Walla v. Walla Walla Water Co.*, 172 U. S. 12; *Boyce v. Grundy*, 3 Peters, 210; *Ins. Co. v. Bailey*, 13 Wall. 616, and cases cited in 3 Rose's Notes, p. 49.

In the matter of accounting between tenants in common or other co-tenants, the rule, quoting from Freeman on Cotenancy, is stated in *McCaw v. Barker*, 115 Ala. 549, to be: "Courts of equity have concurrent jurisdiction with courts of law of all matters of account between tenants in common or other cotenants. Either cotenant may invoke the assistance of equity to compel an accounting upon showing a necessity therefor, and cannot be deprived of this assistance because he has an adequate legal remedy by an action of account. In fact, the superior facilities offered by courts of equity, where an accounting has become necessary, are such that these courts are almost universally resorted to, in preference to the tribunals of the law. But, it has been determined, that where the accounts are all on one side and are very simple, and no discovery is sought, courts of equity will decline taking jurisdiction of the case." See Story's Eq .Jur. §§ 454-458.

In *Sanders v. Robertson*, 57 Ala. 471, this court quoted approvingly the language of Chief Justice PEARSON in *Darden v. Cowper*, 7 Jones' Law, 210: "If a tenant in common receives more than his share of the profits, by an excessive use of the property, as by wearing out the land, or by an improper use of it, as by cutting down the timber and selling it, he cannot be treated

as a tortfeasor, but the remedy of the cotenant is by an action of account, or a bill in equity for an account." And in the case of *Sanders v. Robertson,* no discovery was asked for, as here, but the court sustained the jurisdiction of the chancery court because of the complication of the account, which, as here, was all on one side. In the case under consideration, it will be difficult to imagine a more complicated transaction than is likely to result in the settlement of the liability of the respondents for the timber converted by them; besides, discovery is sought by the bill. Furthermore, there would be no right to an injunction at law against future waste, as there might be in equity, as is prayed for in this case, and as might be granted on the final hearing.—Freeman on Cotenancy, § 305; *Johnson v. Johnson,* 29 Am. Dec. 72. And this, according to Lords HARDWICKE and ELDON, was a ground for equitable interference in the case of cutting timber.—*Jesus College v. Bloom,* 3 Atk. 262; *Pulteney v. Warren,* 6 *Vesey,* 89.

If suits at law were brought by the several complainants, they would, after such suits, have to bring new suits for every succeeding conversion, for there would be no right to recover in a pending cause for anything done after suit brought. And if defendants cut any amount of timber without selling it, there might at law be no accountability whatever until there was a sale, and then where there have been innumerable sales, an account and a discovery might be necessary. Here, one suit by the joint plaintiffs settles against all the defendants multitudinous transactions or items extending for a series of years, and perhaps for every day since the filing of the bill, which might well furnish material for a multiplicity of suits at law, even if that tribunal was capable of giving in the end full and adequate relief. The case at bar presents a complication equal to, if not far in excess of that in the case of *Sanders v. Robertson, supra,* in which the question is discussed and a number of authorities are cited holding that the court had jurisdiction in the premises. Without pressing the subject further, we refer to that case and the authorities there cited. The remedy at law is neither as complete, as practical and as efficient as the remedy in equity.

See, also, *Va. & Ala. M. & M. Co. v. Hale,* 93 Ala. 442; *Autrey v. Fricze,* 59 Ala. 587; *Pope v. Harkins,* 16 Ala. 321.

2. It is next insisted that complainants claim in different rights, and that there is a misjoinder of parties.

The complainants all claim under the deed of Thomas C. Crenshaw as donees or derivatatively from such, and they sue for the common purpose of adjusting their relations with the defendants growing out of a continuous series of acts in cutting and disposing of timber in which all parties, plaintiffs and defendants, were interested. There is, therefore, no misjoinder of parties plaintiff. It makes no difference that one plaintiff may recover more, or a larger share than another, any more than it does in creditor's bills or partnership settlements that one may be entitled to more than another. *Turner v. City of Mobile,* 135 Ala. 73; 33 So. Rep. 132.

3. It is next insisted that there is a misjoinder of causes of action, in the fact that, besides the timber in which the parties are tenants in common, the bill seeks to hold the defendants liable for timber cut in which they had no interest. Here is a single contiguous tract of land, and a tenant in common of part of the timber, in exercising his right to cut timber, gets across the line, we will suppose, as we have a right to suppose, without any purpose to commit trespass, and cuts timber in which he is not interested, and being sued for the whole, says, "you must sue separately for the timber across the line." What right has he to say so? It is substantially one transaction or part of a continuous series, one account only is needed. It is a single cause of action. The defendant cannot complain that the plaintiffs waive the tort and claim the value or proceeds of the timber. If defendants are equitably bound to pay for such timber, the law raises an implied promise to do so. If there had been an adverse claim and possession of the land or timber across the line on the part of the defendants, of course, there would be no right to an account in this suit for such timber. But when the cutting appears to be the result of an inadvertent trespass as to timber admitted to belong to the complainants, and part of the same transaction as the cutting of the timber owned jointly by the parties, it seems that the defendants

have no right to restrict a full settlement by insisting on a multiplicity of suits against themselves. The settlement for the joint timber draws in its train an account for all the timber cut. If the defendant can show that the two cuttings are wholly distinct and separate matters, it can be pleaded, but the bill makes all the cuttings in effect one. If the plaintiffs should take the defendants at their word, and sue at law for each tree cut across the line, while suing in equity for the remainder, the case would perhaps appear in a different light to them.—1 Daniel Chancery Prac. 330; *Ware v. Russell,* 70 Ala. 174; *Hooper v. S. & M. R. Co.,* 69 Ala. 529; *Price v. Carncy,* 75 Ala. 546; *Va. & Ala. M. & M. Co. v. Hale & Co.,* 93 Ala. 542.

4. It is next insisted that the claim in the bill is barred by staleness and by the statutes of limitations. Staleness, as a bar, is never, without special circumstances, fixed at a period less than the statute of limitations. There are no special circumstances appearing in the bill making it inequitable for complainants to prosecute their rights at any time within the period of the statute of limitations. And as the demurrer of limitations goes to the whole bill it is bad, since it does not appear that the entire claim occurred six years prior to the filing of the bill.

5. It is next insisted by the defendant corporation, that it may be prejudiced by the answers made by the persons joined with it as its officers, and that defendant has a right to answer according to its own will. Counsel seem to labor under the impression that the answers of corporate officers should be used as evidence against the corporation. This is a mistake. The disclosure made by officers is only for the purpose of enabling the complainants to know who to examine as witnesses. The defendant corporation will not be prejudiced by answers of corporate officers until the parties verify their disclosures under oath when examined as witnesses.—1 Daniel Chan. Prac. 144; *Wych v. Meal,* 3 P. W. 310; s. c. 24 Eng. Rep. (Full Report), 1078. Lord Chancellor TALBOT said, in the case of *Wych, supra,* that no such demurrer had ever been allowed.—*Moodamay v. Morton,* 1 Bro. C. C. 469; *Le Texier v. The Margravine of A.,* 15 Ves. 159; *Fenton v. Hughes,* 7 Ves.

288; *Gibbons v. The Waterloo B. C.,* 5 Price, 491; *Dummer v. The C. of C.,* 14 Ves. 245.

These are the only objections to the bill which have been argued, and we see no merit in any of them. The decree of the chanellor is, therefore, affirmed.