[Gulf Red Cedar Lumber Co., et al. v. Crenshaw, et al.]

# Gulf Red Cedar Lumber Co., *et al.* v Crenshaw, *et al.*

*Bill by Co-Tenants for an Accounting for Standing Timber Cut and Removed; for Discovery in Aid of the Accounting, and for Injunction Against Further Removal.*

(Decided May 17th, 1906.   _ So. Rep. 564.)

1. *Deeds; Delivery; Pleading; Allegations of Non delivery.*—Where the bill contained an averment of facts going to show a delivery of the deed, and such averment of facts has been held proof against demurrer, a plea thereto, alleging that the deed was never delivered to the grantees therein, is insufficient.

2. *Same; Reservation in Favor of Grantor; Construction.*—The life tenant being without power to sell the growing timber on land, a plea alleging that the grantor in a deed conveyed the premises to his children with a reservation of possession of the land in the grantor until the youngest child becomes of age, or during the life of the grantor, is insufficient as an answer to a bill by tenants in common for an accounting against the co-tenant for cutting and removing standing timber from the land.

3. *Equity; Jurisdiction; Suit for an Accounting; Determination of Issue of Title.*—A court of equity having jurisdiction of a suit by tenants in common against a co-tenant for an accounting for the cutting and removing of standing timber on the land, its jurisdiction is not ousted by a plea setting up an issue as to the title, as the court may proceed and determine the whole question, including that of title.

4. *Tenancy in Common; Mutual Rights of Co-tenants; Adverse Possession.*—Where one of several co-tenants executes a deed to a third person conveying the entire estate to such person, the possession of the third person, under the conveyance, is adverse to the other co-tenant.

5. *Same.*—A father conveyed land to his five children reserving the right to convey any portion of the same, and reinvest in other property for the benefit of the children. Subsequently, the

[Gulf Red Cedar Lumber Co., et al. v. Crenshaw, et al.]

father and some of the children conveyed to a third person the right to cut timber on the land for a period of ten years. Before the expiration of that period, the time within which the timber might be removed was extended. Held, that the grantee in the deed conveying the timber, and those claiming under him, not having an absolute and unconditional title, but the holding being subject to a condition or contingency, were not in adverse possession as against the children not joining in the conveyance.

APPEAL from Butler Chancery Court.
Heard before HON. W. L. PARKS.

Bill by Louisa Crenshaw and others against the Gulf Red Cedar Lumber Company and others. From a decree adjudging that pleas are insufficient, defendants appeal.

The facts made by the bill are fully set out in a former report of the case, under the style of *Gulf Red Cedar Lumber Co. v. O'Neil*, 131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22; and the bill as amended and the demurrers thereto are fully set out in another report of the case under the name of *Gulf Red Cedar Co., et al. v. Crenshaw, et al.*, 138 Ala. 134, 35 South. 50; and special reference is here made to these two reports for the facts necessary to a proper understanding of the case under the pleadings up to the time of the filing of the respondents' pleas discussed in this opinion. These pleas are as follows:

(1) That the deed, a copy of which is attached as Exhibit A to the original bill, was never delivered to the grantees therein named.

(2) That the deed, a copy of which is attached as Exhibit A, was not deliverede to the grantees therein named until after the words "until the youngest child arrives at the age of twenty-one years," were erased, and the words "during my lifetime" were inserted in place thereof, in said deed.

(3) That in and by the terms of the deed, a copy of which is attached as Exhibit A to the original bill, T. C. Crenshaw, the grantor therein, without limitation, reserved to himself the right to sell and convey any portion of the property conveyed in said deed, and reinvest the proceeds in other property for the exclusive use and benefit of the grantees named in said deed. That subse-

[Gulf Red Cedar Lumber Co., et al. v. Crenshaw, et al.]

quently, under and by virtue of the power reserved to him in said deed, T. C. Crenshaw did execute and deliver to this defendant the deed, a copy of which is attached as Exhibit C to the original bill. That under and by virtue of the execution of said deed to this defendant all right, title, claim, and interest of the complainants in and to the property conveyed in said deed was divested out of said complainant.

(4) That in and by the terms of the deed, a copy of which is attached as Exhibit A to the original bill, T. C. Crenshaw, the grantor therein, reserved the right to sell and convey any portion of the property conveyed in said deed and reinvest the proceeds in other property for the exclusive use and benefit of the grantees therein named. That subsequent to the execution of said deed the said T. C. Crenshaw did execute and deliver to Joseph Steiner & Sons the deed of conveyance, together with the other grantors therein named, a copy of which said deed is attached as Exhibit B to the original bill. That after the execution of said deed, made Exhibit B to the oriignal bill, the said Joseph Steiner & Sons executed a deed of conveyance to the property which had been conveyed to them by said deed above named to the Richmond Cedar Works, Limited. That subsequently the Richmond Cedar Works acquired the interest of the Richmond Cedar Works, Limited, in and to said property, and that, after this, defendant herein acquired the interest of the Richmond Cedar Works to said property, and also on, to-wit, the 20th day of August, 1895, the said T. C. Crenshaw executed and delivered to this defendant a deed to said property involved in this suit, a copy of which is attached as Exhibit C to the original bill, and that in and by the execution of said deed, above named, and the acquirement of the above interest in said property by this defendant, all right, title, claim, and interest of the complainants in and to all the property alleged to have been obtained in said bill by this defendant was divested out of the complainant.

(5) That, at the time of the acts complained of in said original bill as amended, this defendant was in the actual, open, exclusive, and adverse possession of the property mentioned and described in said bill of com-

plaint, claiming the same as its own against all persons. That said possession above named of said property began before said timber was severed and removed from the freehold, and was continuous, open, exclusive, and adverse from the time it commenced until the same was severed and removed from the freehold.

(6) That, at the time of and before the acts complained of in said bill of complaint as amended, this defendant was in the actual, open, notorious, visible, exclusive, and adverse possession of the timber mentioned and described in said bill of complaint before the same was severed and removed from the freehold, and was claiming the same as its own adversely and openly, against the claims of the complainant and all other persons, and so continued to be in possession of and claimed said timber as it own, against the complainant and all other persons, and under such claim of ownership did cut and remove said timber from said lands; and the defendant was in possession of said timber in the manner above named and set forth, claiming the same as its own adversely against the complainant and all other persons, at the time the original bill was filed in this cause, and so continued to claim said timber, and upon said claim of ownership and possession did cut and remove said timber from said lands named and mentioned in the original bill of complaint.

(7) That on, to-wit, the 18th day of December, 1888, T. C. Crenshaw, Louisa Crenshaw, and Lillian Crenshaw, executed and delivered to Joseph Steiner & Sons a deed, a copy of which is attached as Exhibit B to the original bill (which exhibit is referred to and made a part of this plea without transcribing). That subsequently the said Joseph Steiner & Sons and Steiner Bros., a company composed of J. M. Steiner, S. J. Steiner, J. T. Steiner, and R. E. Steiner, as surviving partner, together with the aforementioned individuals as the executors of the estate of Joseph Steiner, did by their deed of conveyance on June 18, 1890, sell and convey to the Richmond Cedar Works, Limited, the cedar timber and trees, and rights and easements described and set forth in said Exhibit B. That afterwards the said Richmond Cedar Works, Limited, executed their deed of con-

veyance to said property mentioned and described in said Exhibit B to the Richmond Cedar Works, which said last corporation afterwards executed and delivered a deed to said property to this defendant, and afterwards, on, to-wit, the 28th day of August, 1895, T. C. Crenshaw did make and execute to this defendant the deed of conveyance, a copy of which is attached as Exhibit C to the original bill (which said exhibit is here referred to and made a part of this plea without transcribing the same). That the property and timber mentioned and described in the original bill as having been cut and being cut and removed by this defendant is the same property as that mentioned and described in the above-named deeds and conveyances. That upon the execution of the deed of Joseph Steiner & Sons to the said Richmond Cedar Works, Limited, on, to-wit, the 18th day of June, 1890, said Richmond Cedar Works, Limited, went into the actual and exclusive possession of said property and timber before the same was severed from the freehold under said deed, and the powers therein contained, executed to it by the said Joseph Steiner & Sons and the other grantors therein named, and asserted claim thereto under said deed. That said claim and possession was open, visible, exclusive, and adverse to the complainants and all persons, and continued until the execution of the deed by the Richmond Cedar Works, Limited, to the Richmond Cedar Works. That upon the execution of the deed by the Richmond Cedar Works, Limited, to the Richmond Cedar Works, said Richmond Cedar Works went into the actual and exclusive possession of said timber before the same was severed from the freehold, claiming the same as its own under said deed executed to it by the Richmond Cedar Works, Limited, and continued to so claim the same openly, exclusively, and adversely to the complainants and all other persons until the same was conveyed by it to this defendant. That, upon the conveyance to this defendant by said Richmond Cedar Works of said property, this defendant went into the actual and exclusive possession of said timber and property, claiming the same as its own adversely, openly, and visibly against the complainants and all other persons, and since that time has continued to claim said

timber and property while the same constituted a part of the freehold, and under said claim of right and ownership continued to claim the same under said deed, and also under a deed subsequently executed by T. C. Crenshaw, a copy of which is attached as Exhibit C to the original bill, and under such claim of ownership this defendant did sever from the freehold and cut and remove said timber and property described and mentioned in the original bill, and was in the actual, exclusive, and adverse possession of said timber and property in the manner above named while the same constituted a portion of the freehold, and was holding the same and cutting and removing it from the freehold at the time of the filing of the original bill in this cause, and continued to hold said timber and property while a portion of the freehold, and severed the same, under said claim of ownership, from the freehold, under its said claim of ownership adversely and exclusively against the claim of the complainants and all other persons, and so continued its said possession until the expiration of the time named and set forth in the deed, a copy of which is attached as Exhibit C to the original bill, to-wit, up to the 18th day of December, 1901; and that since that time this defendant has not interfered with, cut, or removed, or in any manner disturbed, any of the property mentioned and described in said original bill as amended.

POWELL & HAMILTON, for appellant.—No brief came to the reporter.

J. M. CHILTON, and L. M. LANE, for appellee.—No brief came to the reporter.

HARALSON, J.—The case made by the original bill is sufficiently shown by the decision and report of the case on the first appeal.—131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22. The changes made by the amendments to the bill are shown in the decision and report on the second appeal.—138 Ala. 134, 35 South. 50. Both these appeals were taken to review decrees on demurrers interposed to the original and amended bills. The present appeal is taken from a decree overruling several

pleas, numbered 1 to 7, inclusive, interposed to the bill as amended.

For our present purpose it is sufficient to state that the bill is one by alleged tenants in common in certain standing timber for an accounting against the co-tenant for timber cut, removed and appropriated to its exclusive use, also for a discovery by the defendant officers of the defendant corporation in aid of the accounting sought, and for an injunction against further removal of the timber.

The first plea avers that the deed under which complainants claim title to an interest in the timber was never delivered to the grantees therein. The averment of the plea does not controvert the averments of the bill relied on to show delivery of the deed, and which were held on the first appeal sufficient to show a delivery, but merely asserts that the deed was never delivered to the grantees. Construing the averment of the plea most strongly against the pleader, this simply shows that the deed was not placed in the possession of the grantees, it is obvious that this may be true and yet the deed under the averments of the bill was constructively delivered.

The second plea avers that the deed was not delivered until after an alteration therein, the effect of which was to reserve in the grantor a power to sell the timber, which power, as appears from the bill, was executed (if the plea be true) by a conveyance of the title now claimed by complainants to those from whom defendant claims, and by further conveyance to defendants extending the time for removal of the timber.

The second plea is insufficient, in that it set up an immaterial issue, for whether the grantor reserved possession of the land until the youngest child arrived at the age of 21 years, or for his life, he was without power as a tenant for life to sell the growing timber on the land. —*Gulf Red Cedar Company v. Crenshaw,* 138 Ala. 139, 35 South. 50.

Plea 3 is a recital of facts clearly set up in the bill. Is it not an effort to interpose a demurrer in the form of a plea ? The same question arose in the case when the cause was here on a former appeal.—131 Ala. 117,

30 South. 466, 90 Am. St. Rep. 22. As stated by counsel for appellee: "The plea asserts no new fact, and only declares the legal effect of facts alleged in the bill. It contains neither the averment of any fact in avoidance of the averments of the bill, nor denial of the facts therein averred."

What is said with reference to this plea applies with equal force to plea 4. The court did not err in ruling that these two pleas were insufficient.

The fifth plea sets up adverse possession in respondents at the time of the acts complained of; that their adverse possession continued from the time their entry was made and cutting begun until the timber was severed and removed from the lands. The plea does not aver that defendants were in the adverse possession of the property, that is, of any remaining standing timber, at the time the suit was instituted.

The sixth plea sets up the same matter with the additional averment that such adverse possession continued down to the filing of the original bill. Neither of the pleas seek to set up a title perfected by ten years adverse possession of the standing timber. They proceed upon the hypothesis that if one co-tenant has ousted the other and asserted an exclusive claim of title hostile to his co-tenant accompanied by possession under such claim, this is a bar to a suit by the co-tenant for an accounting in such case as this.

The cases relied upon as sustaining the pleas are *Ashurst v. McKensie*, 92 Ala. 490, 491, 9 South. 262, and cases following it, in which it is declared, that a court of equity is without power to determine the title to lands adversely held, in an action to enjoin an irreparable trespass. In that case numerous averments were made in the bill seeking to give it equity upon other and independent grounds, but the decision shows that all such averments were lacking and insufficient to give the court jurisdiction of the whole controversy.

Here, a clear case is made for an accounting as well as for a discovery against the co-tenant and its officers. This was determined after full consideration of the second appeal.—138 Ala. 134, 35 South. 50. Where such is the case, the court having acquired jurisdiction upon

original equitable grounds, such jurisdiction is not ousted by one co-tenant setting up an issue of title. The court may proceed to determine the whole controversy, the question of the title with the rest. There is no want of power in a court of equity to determine title to lands. It must decline jurisdiction where the remedy at law is complete and adequate, or where its jurisdiction is invoked as a substitute for an action of ejectment. Such is not the case presented by the pleas under consideration. Pleas 5 and 6 were properly overruled.—Freeman on Co-Ten. & Par. 449, 450; *Williams v. Council*, 49 N. C. 210; *Early v. Friend*, 16 Grat. (Va.) 21, 78 Am. Dec. 649; *Kilgore v. Kilgore*, 103 Ala. 614, 15 South. 897; *Gore v. Dickinson*, 98 Ala. 367, 11 South. 743, 39 Am. St. Rep. 67.

The seventh plea sets forth at length by reference the conveyances through which respondents claim title or color of title to the timber in controversy and sets forth that under such conveyances they and their predecessors entered into the possession of the timber while yet attached to the freehold exercising exclusive possession thereof, cutting and removing same from time to time, and, claiming under their deeds the absolute right to the timber, had held adversely for a period of more than ten years prior to the filing of the bill. The theory of the plea is that prior to the filing of the bill respondents' title to the standing timber had become perfect by adverse possession, and this is set up as a defense to the whole bill. It is insisted for appellees that under the plea the bar of the statute became complete, if at all, only shortly before the bill was filed. that it presents no defense to an accounting for timber cut prior to the date upon which respondents' title became perfect by adverse possession.

The plea must be construed as a whole. It shows that the title to the timber claimed by respondents or their predecessors was that purporting to be conveyed by the original deed from T. C. Crenshaw and others to Steiner & Sons, a copy of which is made exhibit "B" to the bill, and referred to in the plea. This deed by appropriate words of conveyance calling for all the cedar timber upon certain described lands with the right to cut, remove,

etc., purports to convey such timber as a whole, with warranty of title, but "subject to the period of time, and the terms, stipulations and conditions herein expressed and contained." This deed contains the following provisions: "Provided that the said grantees, their heirs and assigns, are to get and remove, and work up, manufacture and remove, or cut and remove from said lands the said cedar timber and cedar trees herein sold and conveyed within ten years from the date and delivery of this deed of conveyance (and this deed of conveyance is expressly made and accepted upon such terms and conditions) after which period of time all of the rights, privileges, and easements of the said grantees, their heirs and assigns, in, to, and upon the said lands, are to cease and determine, and revert back to the said grantors, their heirs, and assigns."

By a subsequent conveyance the time within which the timber was to be removed, was extended, or sought to be extended.

It is not to be denied that where one or more of several tenants in common execute a deed to a third person purporting to convey absolutely the entire estate, the possession of the grantee taken under such conveyance is adverse to the remaining co-tenants.

Is that rule applicable to the holder under the above conveyance? The character of interest of estate purporting to be conveyed by the deed determines the character of the entry. "Adverse possession rests in the intention of the possessor, as is sometimes said, the intention guides the entry and fixes its character."—*Potts v. Coleman*, 67 Ala. 227. This intention, as shown by the plea under consideration, was defined by the terms of the grant. What was the character of possession held under the terms of the deed? It contemplated an entry on the lands, the assumption of present possession and claim of ownership over the standing timber so far as to effectuate the right to cut and remove the same within the time limited. It also carried the right to oust all others during such term and protect the possession from interference in any way. In fact, it purported to pass the present title to the timber, but not an indefeasible title. The possession of the standing timber under this

deed was subject to the express condition that it should be removed within the time limited. So long as a tree remained standing the grantee held with the mental reservation, and the legal reservation, that in its then state he had no perfected title, no absolute title, but on the oher hand the trees left standing must revert to or remain the property of another. To be adverse the possession must be hostile to the owner. The claim of the title must be absolute and unconditional. "A possession cannot be adverse, which in any contingency is intended to be in subservience, and subordination to the true title."—*Williams v. Higgins,* 69 Ala. 523. Here, the holding was subject to a condition or contingency. The holder was at all times reminded by the terms and conditions of his grant, that his right of possession over the standing timber must cease. His dominion over it as part of the realty was but for a term. If not severed and its character as real estate destroyed, his title would never become absolute. We cannot conceive that a possession of standing timber under these circumstances and conditions can be regarded as adverse, and, therefore, hold that the seventh plea was properly overruled.

It follows that the pleas are all bad, and the decree of the chancellor is affirmed.

TYSON, C. J., and DOWDELL and DENSON, JJ., concur.