# Gulf Red Cedar Co. *v.* Crenshaw, *et al.*

### Bill for Accounting, Discovery in Aid Thereof and for Injunction.

(Decided Nov. 22, 1910. Rehearing denied Dec. 22, 1910.
53 South. 812.)

1. *Deeds; Delivery; Necessity.*—A deed does not become operative until delivered.

2. *Same; Sufficiency.*—Delivery is a matter of intention which may be manifested by acts and intentions, and may consist of a transfer of conveyance without spoken words, or by spoken words without a manual act; hence, no formality or particular words or acts are essential to a delivery.

3. *Same.*—As to a delivery of a deed the test is whether the grantor intended to reserve to himself the locus poenitentiae. If he does there is no delivery; if he parts with the control of the deed, or evidences an intention to do so, and to pass it to the grantee, the delivery is complete, though he may retain the custody of it or turn it over to another or place it upon record.

4. *Same; Evidence.*—While registration of a deed is not conclusive evidence of a delivery, yet if there is no other evidence to weaken the force of those facts, a paper purporting to be a deed which is signed, acknowledged and recorded, is sufficient evidence of a delivery.

5. *Same; Acts and Declarations.*—The acts and declarations of the grantor made at the time of the filing of an instrument for registration, are admissible as of the res gestae and as tending to show whether the filing was conditional or intended as a delivery.

6. *Same; Admissions.*—The declarations of a grantor made after the alleged delivery of the deed, tending to show a delivery, are admissible as admissions against interest; but the statements and declarations tending to negative delivery are not competent unless they form part of the res gestae. Hence, where the chief evidence of the delivery of the deed was its registration, evidence consisting of addenda to the deed setting out that the deed was not delivered before the change in the deed for the purpose of showing that registration did not amount to delivery, such addenda being made fifty-two days after the registration, was not a part of the res gestae, but was a declaration favorable to the grantor tending to defeat the deed, and hence, not admissible.

7. *Jury Question.*—Although the rule is that possession by the grantor of the deed after registration makes the question of its delivery one for the jury in an action at law in an ordinary case, this rule does not apply where the grantees were the minor children of the grantor.

8. *Same; Presumption; Acceptance.*—Where a deed is for the benefit of the grantee and imposes no burden or duties on him, an acceptance will be presumed.

[Gulf Red Cedar Co. v. Crenshaw, et al.]

9. *Same; Registration.*—In order to become presumptive evidence of delivery the registration of a deed must have been the act of or at the instance of the grantor; but where the deed is duly signed and acknowledged by the grantor, and his minor children are the grantees, the presumption will be indulged that the grantor had it recorded for their benefit.

10. *Same; Delivery to Third Person.*—A deed may be delivered to a third person to hold in trust for the grantee until after the death of the grantor, without the knowledge or permission of the grantee.

11. *Alteration of Instrument; Time; Evidence.*—The rule that alteration will be presumed to have been made before delivery where the alteration is in the same handwriting and with the same ink, or explained by the attesting clause, does not obtain where the alteration was made after registration; in such a case the law will presume that the alteration was made after the registration of an instrument, and the burden is on the party claiming benefit of the alteration to show that the registration was so conditional as not to amount to delivery.

12. *Estoppel; Necessity; Pleading.*—If an estoppel is relied on as a matter of defense to a bill in equity, it must be set up by answer which must allege the facts upon which it is predicated, and if it is not so specially pleaded a defendant cannot avail himself of it, although it may appear in evidence.

13. *Deeds; Delivery; Presumption.*—Where a deed is duly signed, acknowledged and recorded, presumption of delivery attaches, which can be rebutted by evidence of dissent only.

APPEAL from Butler Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by Louisa E. Crenshaw and others against the Gulf Red Cedar Company for an accounting, discovery in aid thereof and for an injunction to prevent further removal and cutting of timber. Decree for complainant and respondent appeals. Affirmed.

POWELL & HAMILTON, for appellant. The main question to be decided is whether the alteration of the deed executed by Thomas C. Crenshaw to his children in 1873, by which the power to manage and control the real estate was reserved to himself during his life, instead of until his youngest child should arrive at the age of twenty-one years, was made before or after the delivery of the deed, and we insist that the testimony in connection with the law governing such cases clearly

[Gulf Red Cedar Co. v. Crenshaw, et al.]

shows that there was no delivery of the deed until the alteration above referred to, was made. As to the law relative to such alteration we cite the following: 1 Dev. on Deeds, Sec. 463; 2 Elliott on Evi., Secs. 1503, 1508, note 76; 3 Taylor on Evi., Sec. 1819; Steven's Dig. of Evi., Art. 89; 1 Enc. of Evi. 783, note 41; 1 Horton on Evi., Sec. 625; 2 A. & E. Enc. of Law, 275, notes 7 and 8; *Ward v. Cheney,* 117 Ala. 238; *Redmond v. Graham,* 80 N. C. 231. The question of delivery is one of intention, and is to be determined by the circumstances of each case.—13 Cyc. 561; 1 Dev. 262. The registration of a deed by a grantor without the grantee's knowledge or assent does not of itself operate as a delivery.—1 Dev. 290; 6 Am. Dec. 146; 14 Am. Dec. 369; 37 Am. Dec. 135; 105 Mass. 561. Registration is not conclusive but may be rebutted.—1 Dev. 292. As to the rule as to what constitutes a delivery and its requisites, we cite: *Fitzpatrick v. Brigman,* 130 Ala. 450; *Napier, et al. v. Elliott,* 146 Ala. 215; *Arrington v. Arrington,* 122 Ala. 515; *Webber v. Christen,* 2 A. S. R. 68. The presumption of delivery raised by the facts in this case may be rebutted and overcome by proof of a contrary intention, or of acts and declarations from which the contrary presumption arises.—*Benner v. Bailey,* 84 N. E. 838; *Coppelman v. Coppelman,* 57 S. W. 570; *Abrams v. Beall,* 79 N. E. 671. If the deed was altered after delivery, and the alteration was noted and signed and properly attested, the complainants could ratify the same either expressly or by their conduct.—*Ward v. Cheney, supra; Wells v. A. M. Co.,* 109 Ala. 430; *Knox v. Armstead,* 87 Ala. 510; *Montgomery v. Crosswaite,* 90 Ala. 572; *Dixon v. Bamberger,* 107 Ala. 293; 2 A. & E. Enc. of Law, 259; *Taylor v. A. & M. Assn.,* 68 Ala. 238. As to the declarations of the grantor see *Hooper v. Edwards,* 20 Ala. 528; *Arrington v. Arrington, supra;* 11 Enc. of Evi. 378-9; 1 Elliott on Evi., Sec. 544.

[Gulf Red Cedar Co. v. Crenshaw, et al.]

J. M. Chilton, and L. M. Lane, for appellee. The pleadings were settled by former appeals in this case found in 131 Ala. 117; 148 Ala. 343. Under a general prayer for relief, the court will award such relief as may be made out, or as is consistent with the pleas. —*Rice v. Eisman Bros.*, 122 Ala. 343; *Driver v. Fortner*, 5 Port. 10; Storey's Eq. Pl., Secs. 40-42. The trust was not well executed.—148 Ala. 343; 3 Bing. 207; 2 Sugg. on Powers, 48; 2 Perry on Trusts, Sec. 776; *Anderson v. Cowan*, 68 L. R. A. 641; *Sims v. Greer*, 86 Ala. 264. Hence, the decision of the court should be affirmed on this proposition. Under the facts in this case there is no room for contention that the alteration was made before registration, and hence, no presumption arises that it was made before delivery. It cannot be questioned that the registration of the deed was the act of the grantor.—*Cumberland Co. v. Daniels*, 52 S. W. 446; *Penteco v. Hayes*, 9 L. R. A. 228. The presumption of delivery is very much stronger where the grantees are minors.—*Arrrington v. Arrington*, 122 Ala. 517; 4 Enc. of Evi. 167; 1 Dev. on Deeds, 286; 169 Ill. 347; 23 Ill. 72. Where execution and registration is shown, the burden of proving non intent is upon him denying the delivery.—*Ellsberry v. Boykin*, 65 Ala. 341; *Simmons v. Simmons*, 78 Ala. 367; *Wells v. A. M. Co.*, 109 Ala. 443; *Luckhart v. Luckhart*, 94 N. W. 461. Such presumption can only be rebutted by evidence contemporaneous with the execution, acknowledgment, and registration. Subsequent declarations are not admissible.—*Penteco v. Hayes, supra; Ellsberry v. Boykin, supra;* 4 Enc. of Evi. 168-171; *Fitzpatrick v. Brigman*, 130 Ala. 455; *Simmons v. Simmons, supra; Napier v. Elliott*, 146 Ala. 215, and authorities cited. The retention of the possession of the grantor instead of being evidence of non delivery was entirely consistent

with the interest retained by his retention of the deed. —*Ellsberry v. Boykin, supra; Napier v. Elliott, supra; Sheffield L. Co. v. McNeel,* 86 Ala. 160. Under the facts in this case their acceptance will be presumed.—*Fitzpatrick v. Brigman, supra.* The alteration did not amount to a re-execution of the deed.—*Gulf R. C. Co. v. O'Neal,* 131 Ala. 128. The memorandum of alteration was not competent evidence because not made until some time after the registration.—Authorities supra. Besides, it is a mere statement in writing by the grantor of a conclusion of law.—4 Enc. of Evi. 172. In fact, there is no evidence in this case that is competent that bears on the question at all. No estoppel was set up by way of plea or answer, hence, respondents can derive no benefit, although the evidence should show an estoppel.—*Weffel v. Stillman,* 151 Ala. 265; *Hall & Farley v. Henderson,* 126 Ala. 490. The fact is, however, that there is no facts in evidence showing ratification or estoppel.—*Hall & Farley v. Henderson, supra; Knowles v. Street,* 87 Ala. 357; 16 Cyc. 793; *Steele v. Adams,* 21 Ala. 534; *Porter v. Wheeler,* 105 Ala. 451; *Trump v. McDonald,* 120 Ala. 200. Moreover, this, with many other questions, was settled under former appeals.—131 Ala. 117. In family settlements the presumption is indulged that delivery was made.—*Clavering v. Clavering,* 2 Vern. 473; *Broughton v. Broughton,* 1 Atk. 625; *Adams v. Apleton,* 21 Wall. 185; *Luckhart v. Luckhart, supra; Valto v. Blawka,* 195 Ill. 610; *Cumberland L. Co. v. Daniels,* 52 S. W. 446; 4 Enc. of Evi. 268, and cases cited.

ANDERSON, J.—This case has been often before this court, and is reported in 131 Ala. 117, 30 South. 466, 90 Am. St. Rep. 22, 138 Ala. 134, 35 South. 50, and 148 Ala. 343, 42 South. 564, wherein most of the legal

questions, then presented by the pleading, were settled.
We agree with counsel for the appellant. that the prime
question to be settled by this appeal is whether or not
the deed from Thos. C. Crenshaw to his children had
been delivered before the alteration of same on June
1st of the year 1873. Counsel for the appellees contend
that this question may be well pretermitted upon the
theory that it matters not when the deed was delivered,
as Thomas C. Crenshaw had no power or authority to
sell the timber. This point was decided adversely to
the appellees in the first report of this case, and which
counsel admits, but insists that the last opinion (148
Ala. 343, 42 South. 564), in dealing with the second
plea, in effect overrules the former opinion. To this
we cannot agree. The last opinion in dealing with the
second plea simply states that Thos. C. Crenshaw was
without power "as a life tenant" to sell the growing
timber on the land. It does not say that he did not have
the power as per the terms of the conveyance. He
doubtless did not have the power as a life tenant only,
but the right to sell or dispose of the property was re-
served in addition to the use and enjoyment of same,
and the first opinion puts the right to sell the timber
upon the power of disposition reserved in the deed and
not upon the idea that he was a life tenant only, or was
entitled to possession for his life or only until the
youngest child became of age. We confess that the com-
ment in the opinion does not aptly respond to plea 2,
as the plea sets up a failure to deliver the deed until
after the alteration, and does not ground the grantor's
right of disposition upon the sole fact that he is a life
tenant or that he was holding possession as such, but
invokes the whole deed, and the powers derived there-
under as a defense. The opinion, however, is not in
conflict with the first holding, as the last opinion merely

states that Crenshaw was without power as "a life tenant" to sell the growing timber. It does not say that he did not have the power to do so independent of being a life tenant and under the express authority to sell or dispose of same under the very terms of the deed.

It is an elementary principle that a deed does not become operative until a delivery, notwithstanding it may be signed and attested or acknowledged. There are also various and sundry ways of making a delivery. No formality, no particular words, no certain acts, are essential to a valid delivery of a deed. The fact rests in intention, and is to be collected from all the acts and declarations of the parties having relation to it. It may be actual, by a transfer of the conveyance, signed and attested, or acknowledged, from the manual possession of the grantor, to the manual possession of the grantee, though not a word is spoken; or it may be by saying something and doing nothing. No particular words are essential if they signify the grantor's intention to part with the dominion over it, and to pass it to the grantee. "Whenever there is a clear manifestation of the intention of the grantor in a deed, in all other respects properly executed, to part with the possession and dominion of it, and to transfer it to the grantor, the delivery is complete. "In traditionibus chartarum, non quod dictum, sed quod. factum est, inspicitur.' —2 Greenl. Cruise, 564, title 32, c. 2, note 2. The delivery may be to a third person for the grantee, and he will hold in trust for him. In this case the deed is operative from the delivery to the third person, though it does not come to the knowledge or possession of the grantee until after the death of the grantor. And when a deed is for the benefit of the grantee, imposing on him no burdens or duties, the presumption is of his acceptance. If it is duly acknowledged and recorded, the

presumption of delivery attaches, which can be repelled only by evidence of the dissent of the grantee."—*Elsberry v. Boykin,* 65 Ala. 341; *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500. The true test of delivery is not as to what was actually said or done or what became of the conveyance, but whether or not the grantor intended to reserve to himself the locus poenitentiae. If he did, there is no delivery and no present intention to divest himself of the title to the property.—*Griswold v. Griswold,* 148 Ala. 241, 42 South. 554, 121 Am. St. Rep. 64. If, on the other hand, he parts with the control of the deed or does any act or says anything whereby he evinces an intention to part with the dominion over it and to pass it to the grantee, though he may retain the physical custody of the instrument, or whether it be turned over to another or placed upon the record, the delivery is complete if made with the intent that it was to so operate, and regardless of what was said or done in order to perfect same.

It may be regarded as settled in this state that when a paper purporting to be a deed is shown to have been signed by the grantor, to have been then acknowledged and duly certified by a proper officer, and recorded in the office of the judge of probate of the county in which the lands lie, and there is no other proof to weaken the force of these facts, this is sufficient proof of complete execution by delivery, although there is no direct proof of delivery.—*Alexander v. Alexander,* 71 Ala. 295; *Gulf Cedar Co. v. O'Neal,* 131 Ala. 128, 30 South. 466, 90 Am. St. Rep. 22; *Elston v. Comer,* 108 Ala. 76, 19 South. 324. Of course, registration of the deed is not conclusive evidence of a delivery, and it may be refuted by other evidence. The fact of delivery rests upon intention, and is to be collected from all the acts and declarations of the parties having relation to it. This be-

ing true, it would seem to follow that declarations of the grantor, made contemporaneous with the signing and acknowledgment. of a deed and explanatory of the grantor's subsequent act in having the deed spread upon the record, would be competent upon the disputed question of delivery.—*Napier v. Elliott,* 146 Ala. 213, 40 South. 752, 119 Am. St. Rep. 17, and cases cited. It will be observed that this case confines the acts and declarations to those made contemporaneous to the signing and acknowledgment. We might add that the acts and declarations made at the time of filing the instrument for registration would be admissible as part of the res gestae for the purpose of showing whether or not the said filing was conditional and whether or not it was intended as a delivery.—*Alexander v. Alexander,* 71 Ala. 295. So, too, would the declarations of a grantor, made after the alleged delivery, tending to show a delivery of the deed, be admissible as admissions against interest; but his statements and declarations tending to negative delivery are incompetent unless they form a part of the res gestate.—4 Encyc. of Ev. p. 170, § 5. Here the delivery, relied upon, was the registration of the deed, and the chief evidence relied upon by the appellant as showing that the registration did not amount to delivery was the addenda to the deed, setting out that the deed was not delivered before the change, and which was made 52 days after the said registration. That was a declaration in favor of the grantor, and tended to defeat the deed, and, having been made subsequent to the registration of same was not a part of the res gestae.—*Steffian v. Bank,* 69 Tex. 513, 6 S. W. 823; *Pentico v. Hayes,* 75 Kan. 76, 88 Pac. 738, 9 L. R. A. (N. S.) 224; *Ord v. Ord,* 99 Cal. 523, 34 Pac. 83. The case of *Pentico v. Hayes, supra,* involved the delivery of deeds by a mother to her minor children,

wherein it was held that inasmuch as they were infants, and the deeds were made by their mother for their benefit, and duly recorded, it would be presumed that the mother filed them for record, and, if recorded through fraud or mistake, she had a remedy, but her declarations made the day after the registration of the deeds, tending to show that they were not recorded with her consent, were not against interest, and formed no part of the res gestate, and were not therefore admissible. In the *Texas Case, supra,* it was held that declarations made by the grantor but a few days after the deed was recorded were not part of the res gestae, and were not admissible. Of course, in order for the registration of a deed, in the absence of actual delivery, to become presumptive evidence of a delivery, it must have been placed upon the record by or at the instance of the grantor; but when it has been duly signed and acknowledged by him, and his minor children are the grantees, the presumption arises that he had it recorded for their benefit, and that he adopted the registration of same as a memorial of their title and as an expedient method of showing a delivery, as the grantees, being minors, were perhaps incapable of retaining or preserving the deed and of appreciating the importance of having the same recorded. We therefore, have a presumptive delivery of the deed, with the burden of proof on the grantor or those holding hostile to the deed to overcome said presumption, and, with the addenda made by him when the deed was changed excluded, there is practically no evidence to dispute the delivery, unless it be that the deed was in the possession or control of the grantor after the registration. The fact might afford an inference that the registration was not intended as a delivery and would make it a question for the jury, in an action at law, in the ordinary case, as indicated in the quaere in

*Alexander v. Alexander, supra*; but this cannot be considered as an ordinary case, as the grantees were not sui juris. They were the minor children of the grantor, incapable of preserving and recording the deed, and the conclusion is irresistable that it was placed on record, whether by the grantor or his lawyer brother, with the grantor's knowledge and consent, and that it was to operate as a delivery, and was filed for the benefit of his minor children, the grantees.—*Wells v. American Mortgage Co.,* 109 Ala. 444, 20 South. 136. Nor does it matter whether the deed was subsequently in the possession of the grantor or his lawyer brother as they were acting in concert, and the one or the other was the natural custodian of the deed for the benefit of these minor children, after it had been recorded and thus made evidence of a prima facie delivery as well as giving notice to the world that they owned the land, subject to the reserved rights of their father. The deed having become effective and operative by delivery prior to the alteration of same, the said alteration was null and void.

We are not disposed to take issue with counsel for the appellant as to the rule with reference to alterations when made in the same handwriting and with the same ink, or when explained by the attesting clause or in other instances, where the law would presume that they were made before delivery; but this rule does not obtain nor the presumptions exist where it is admitted or apparent that the alteration was made after the recordation of the deed, which not only appears in the case at bar, but which fact is admitted. On the other hand, where the alteration is made after the recordation, the law will presume that it was made after delivery, and the burden will be on the party claiming the benefit of the alteration to show that the registration was not so conditional as to amount to a delivery. This

[Gulf Red Cedar Co. v. Crenshaw, et al.]

is the only safe and salutary rule to adopt or follow in cases of this sort, else registration of instruments, not only resorted to as giving notice to the world of the existence of the conveyance, but often as a memorial for the perpetuation of evidence of title, would be of little value, and the door would be open to fraud and confusion, if courts presumed that alterations were made before delivery notwithstanding they may have been made many days, weeks, months, or years after the registration of the instrument.

The appellant also insists in brief of counsel upon an estoppel against these complainants resulting from a ratification by them of the sale of the timber by their father. This insistence does not strike us as being meritorious, but which we need not and do not decide, for if there was such a ratification as would amount to an estoppel, it could be of no benefit to the appellant under the present pleading. Where an estoppel is relied upon as a matter of defense to a bill in equity, the answer of respondent must set up the estoppel and allege the facts upon which it is predicated; and, if not specially pleaded, the defendant cannot avail himself of an estoppel as a defense, though it may appear in the evidence.—*Jones v. Peebles,* 130 Ala. 269, 30 South. 564; *Hll v. Henderson,* 126 Ala. 490, 28 South. 431, 61 L. R. A. 621, 85 Am. St. Rep. 53. The answer does not invoke an estoppel, nor is it presented by a plea.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.