158 So. 180

## LOVE et al. v. SIMS–MORGAN LUMBER CO.

### 3 Div. 112.

Supreme Court of Alabama.

Nov. 22, 1934.

Rehearing Denied Jan. 3, 1935.

P. B. Traweek, of Elba, for appellants.

H. E. Gipson, of Prattville, for appellee.

BROWN, Justice.

This is a bill by the complainants as tenants in common for discovery and relief in

respect to certain real estate located in Autauga County, against their alleged cotenants, seeking a sale for division, an accounting for waste, and to enforce rescission and cancellation of a conveyance signed by some of the complainants, purporting to convey timber rights to one of the respondents.

After demurrer filed by the defendant Sims-Morgan Lumber Company to the original bill was sustained, the bill was amended, and thereupon the demurrer was refiled, taking the point, among others, that the bill was without equity and was also multifarious, and was overruled.

Thereupon the Sims-Morgan Lumber Company filed its answer, incorporating therein grounds of demurrer in substance the same as in the former demurrer. The other defendants suffered a decree pro confesso to be taken against them.

Testimony was taken by complainants by depositions, and the cause was submitted for final decree on the demurrer incorporated in the answer and the pleadings and proof, resulting in a decree for complainants against the defendants Bessie Sharp and Alice Davis, and dismissing the bill as to Sims-Morgan Lumber Company. The appeal is by the complainants from this decree, and the assignments of error relate to the dismissal of the bill as to the Sims-Morgan Lumber Company.

■ The only contention made by the appellees to uphold the decree and justify its dismissal is that the bill is multifarious. We are of opinion that this question is not presented on this record. While there was a submission on the demurrers incorporated in the answer, no reference is made to the demurrers in the decree, and, in the face of the fact that the court had previously overruled a like demurrer to the bill as amended, it cannot be assumed that the decree was rested on such ground. The question of multifariousness can only be raised by demurrer. Code 1923, § 6526; Sims Chancery Practice, § 262. Moreover, it appears that the relief sought grows "out of the same subject-matter" and "property between the same parties." Section 6526, Code, supra.

The Sims-Morgan Lumber Company offered no testimony other than the depositions of two of the complainants, James E. and J. W. Love. The evidence is without dispute that the complainants and the respondents Sharp and Davis owned the real estate described in the bill, holding the fee-simple title thereto, each owning a one-eighth interest; that said lands were covered with a valuable growth of merchantable timber prior to the time it was cut over by the defendant Sims-Morgan Lumber Company, who operated a mill in the vicinity of said lands; that said defendant, acting by and through its agent, Claude Durden, undertook to procure separate conveyances from each of said cotenants to the timber rights in said property, and did, in September, 1929, procure such conveyances from the defendants Sharp and Davis, who accepted the checks tendered as their part of the purchase price and collected and retained the proceeds thereof. Said conveyances obtained from said Sharp and Davis, as the evidence goes to show, conveyed to Sims-Morgan Lumber Company, "their heirs and assigns, all merchantable timber measuring, or which *during the life of this contract* will measure, eight inches and up, twelve inches from the ground standing, lying or being" on the lands described in the bill, with the "right to enter upon and across the above described land with their wagons, teams, trucks and employees for the purpose of cutting and removing said timber or any other adjacent timber and shall have all necessary rights of way over and across said lands for hauling timber or lumber, with the right to erect saw mills and other necessary buildings for such operations together with the right to maintain lumber yards; also the right to build roads for trucks and wagons and to cut such underbrush or saplings as may be necessary for the above named purposes," with the right to remove such buildings and improvements within the life of the contract. (Italics supplied.)

■ Said conveyances, so far as the evidence goes to show, while they contained a clause limiting the time within which the timber could be cut and removed, no time limit was inserted in the blank provided for that purpose, and under the statute the time for such removal would be ten years. Code 1923, §§ 6956, 6957.

The evidence further goes to show that said Durden, acting for said defendant lumber company, approached separately each of the several complainants and procured the signatures of some of the complainants to like conveyance by falsely representing to each separately that all other of said cotenants had agreed to sell said timber rights, but promptly after the discovery of the fraud said complainants who were induced to sign returned to said defendant the checks issued for the purpose of procuring said conveyances, giving notice to said defendant of the circumstances under which they had signed, repudiated the transaction, and notified de-

fendant not to enter upon the land. The other complainants who had refused to sign also returned the checks sent to them.

The evidence further shows that said lumber company entered upon the lands and cut and removed practically all of the merchantable timber therefrom. There was also competent evidence of the quantity of timber cut and removed and of its reasonable market value. This evidence clearly sustains the averments of the bill as last amended to the effect that the Sims-Morgan Lumber Company acquired from its codefendants such interest in said lands as to constitute it a joint owner with complainants and said codefendants, bringing said lumber company within the well-settled principle that joint owners or tenants in common may invoke the aid of a court of equity to compel an accounting by cotenants who have committed waste by denuding the land of growing timber and thereby depreciating the value of the lands. Gulf Red Cedar Lumber Co. v. O'Neal et al., considered on five appeals to this court and reported, 131 Ala. 117, 30 So. 466, 90 Am. St. Rep. 22; Gulf Red Cedar Co. v. Crenshaw, 138 Ala. 134, 35 So. 50; Id., 148 Ala. 343, 42 So. 564; Id., 169 Ala. 606, 53 So. 812, and Id., 188 Ala. 606, 65 So. 1010. See, also, Clark et al. v. Whitfield et al., 213 Ala. 441, 105 So. 200; Id., 218 Ala. 593, 119 So. 631; Sanders v. Robertson et al., 57 Ala. 465; 7 R. C. L. 903, §§ 102, 103.

And as an incident to this relief the complainants who signed timber deeds in consequence of the false representations of defendant's agent Durden were entitled to have said deeds canceled. Stone v. Walker et al., 201 Ala. 130, 77 So. 554, L. R. A. 1918C, 839; Sanson v. Sanson, 212 Ala. 585, 103 So. 863; Hendon v. Delvichio, 137 Ala. 594, 34 So. 830; 9 C. J. 1159, § 4; 10 R. C. L. 351, § 101; Albert v. Nixon, ante, p. 273, 156 So. 775.

The value of the timber after its severance from the land is the basis for ascertaining and assessing damages. Gulf Red Cedar Lumber Co. v. Crenshaw, 188 Ala. 606, 65 So. 1010.

The decree of the circuit court, in so far as it dismissed the bill as to the Sims-Morgan Lumber Company, is reversed, and a decree here rendered granting complainants relief against said defendants and canceling the alleged deeds purporting to have been executed by the complainants to said lumber company. The cause is remanded to the circuit court for an appropriate decree of reference to the register to ascertain and report to the court the value of the timber removed from said lands.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.